18-3786

# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

---

### PETITION NO. 18-3786



RECEIVED
KC
DEC 20 2018

---

### IN RE: MARY K. HARRIS

---

MARY K. HARRIS,
Petitioner,
v.

MARRIOTT OWNERSHIP RESORTS (ST. THOMAS), INC. d/b/a
FRENCHMAN'S COVE RESORTS and/or d/b/a MARRIOTT VACATION
CLUB, JOHN DOE, AND ROE CORPORATION,
Respondents.

---

PETITION FOR WRIT OF MANDAMUS TO THE UNITED STATES
DISTRICT COURT OF THE VIRGIN ISLANDS, ST. THOMAS/ST. JOHN
DIVISION
CIVIL NO. 3:18-CV-00039-CVG-RM
(HON. CURTIS V. GOMEZ)

---

PETITION OF MARY K. HARRIS

---

JOEL H. HOLT
ROBIN P. SEILA
Law Office of Joel H. Holt, Esq. P.C.
2132 Company Street
Christiansted USVI 00820
(340) 773-8709 (ph); (340) 773-8677 (fax)

Attorneys for Petitioner

## Table of Contents

Table of Citations............................................................................................. 3

**Subject Matter and Appellate Jurisdiction** ....................................... 4

**Statement of the Issues** ................................................................... 4

**Related Cases and Proceedings** ....................................................... 4

**Statement of the Case** ..................................................................... 5

*Relevant Facts and Procedural History*............................................. 5

*Rulings Presented for Review* ........................................................... 5

**Summary of Argument and Argument**............................................... 6

*Conclusion* ...................................................................................... 7

*Signatures of Counsel of Record* ...................................................... 7

## Table of Citations

**Cases**

*Madden v. Myers*, 102 F.3d 74 (3d Cir. 1996)......................................................... 5

**Statutes**

28 U.S.C. § 1651...............................................................................................3, 5

28 U.S.C. §1441.................................................................................................. 4

**Other Authorities**

A.2..................................................................................................................3, 4

Fed. R. App. 21 .................................................................................................. 3

## Subject Matter and Appellate Jurisdiction

The Petitioner files this Petition pursuant to Fed. R. App. 21. This Court has subject matter jurisdiction of this Petition pursuant to 28 U.S.C. § 1651, which provides:

> **(a)** The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.
> **(b)** An alternative writ or rule nisi may be issued by a justice or judge of a court which has jurisdiction.

## Statement of the Issues

Petitioner requests the United States Court of Appeals for the Third Circuit to issue a writ of mandamus to require the District Court of the Virgin Islands, Division St. Thomas/St. John to rule on the pending motions to remand this case back to the Superior Court of the Virgin Islands, Division of St. Thomas/St. John.

## Related Cases and Proceedings

Petitioner filed two pending Motions for Remand in this case in the District Court of the Virgin Islands (A.2). The first was filed on July 12, 2018 and the second on August 6, 2018. Additionally, the second motion requires removal since the Defendant/Respondent did not have standing to remove this case. Petitioner respectfully requested a ruling from the District Court of the Virgin Islands on these motions, on October 9, 2018 (A.2).

## Statement of the Case

Plaintiff/Petitioner filed her Complaint in the Superior Court of the Virgin Islands, District of St. Thomas and St. John, on September 5, 2017. The Defendant/Respondent removed the case to the District Court of the Virgin Islands on July 5, 2018, after Plaintiff sent Defendant a settlement demand letter and well after the 30-day deadline to remove to Federal Court.

Additionally, and more importantly, Plaintiff/Petitioner realized that Defendant/Respondent is in fact a St. Thomas Corporation; and thus, removal was improper based on diversity jurisdiction because 28 U.S.C. §1441(b)(2) provides that removal by defendants that are a citizen of the state in which the action is brought is improper.

## Relevant Facts and Procedural History

Petitioner filed her first Motion for Remand (A.2) on July 12, 2018. She filed her Second Motion for Remand (A.2) on August 6, 2018. She requested a ruling on both Motions on October 9, 2018 (A.2).

## Rulings Presented for Review

None. The District Court of the Virgin Islands has not ruled on any motions s case.

# Summary of Argument and Argument

Title 28 U.S.C. § 1651 grants the United States Court of Appeals for the Third Circuit the power to "issue all writs necessary or appropriate in aid of [its] ... jurisdiction and agreeable to the usages and principles of law." "A petitioner seeking the issuance of a writ of mandamus must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable." *Madden v. Myers*, 102 F.3d 74, 79 (3d Cir. 1996). Further, an appellate court may issue a writ of mandamus on the ground that undue delay is tantamount to a failure to exercise jurisdiction and it may order a district court to adjudicate a case. *Id.* at 79.

Here, Plaintiff/Petitioner has waited nearly six months for a ruling on a simple Motion for Remand that should be very straight forward. Plaintiff/Petitioner exhausted her means for obtaining the desired relief by filing a request for ruling several months ago. Thus, it is clear and indisputable that Plaintiff/Petitioner's case has stalled and that the only means for relief available to her now is to respectfully request that this Honorable Court grant her request for a writ of mandamus to order the District Court of the Virgin Islands to rule on her Motions for Remand. In this situation, this is the only remedy that is appropriate and that will allow for the case to proceed without delay of justice.

## Conclusion

This case has been stagnant in the District Court of the Virgin Islands for nearly six months. Plaintiff/Petitioner is waiting for the District Court to rule on here Motions for Remand. Plaintiff/Petitioner requested a ruling on her motions several months ago. Because of the delay of justice and the fact that no other remedy exists for Plaintiff/Petitioner, the United States Court of Appeals for the Third Circuit should exercise its discretion and grant Petitioner's request for mandamus and order the District Court of the Virgin Islands to rule on Plaintiff/Petitioner's Motions for Remand.

*Signatures of Counsel of Record*

JOEL H. HOLT

ROBIN P. SEILA

Law Office of Joel H. Holt, Esq. P.C.
2132 Company Street
Christiansted USVI 00820
(340) 773-8709 (ph); (340) 773-8677 (fax)

## CERTIFICATIONS

## CERTIFICATION OF BAR MEMBERSHIP

I certify that Joel H. Holt and Robin P. Seila are members in good standing of the Bar of the United States Court of Appeals for the Third Circuit.

Dated: December 10, 2018

*Robin Seila*

## CERTIFICATE OF SERVICE

I certify that on this day I served one copy of the foregoing Petition and Appendix on all counsel of record identified on the below Service List by email and mail as well as via transmission of Notices of Electronic Filing generated by CM/ECF when I filed the Notice of Petition with the District Court of the Virgin Islands:

Niva Harney-Hiller
Hamilton, Miller & Birthisel
150 S.E. Second Ave. #1200
Miami, FL. 33131
nharney@hamiltonmillerlaw.com

Dated: December 10, 2018

*Robin Seila*

## CERTIFICATION OF COMPLIANCE

I certify that this brief complies with the type-face, type-volume, type-style requirements set forth in Federal Rule of Appellate Procedure (32)(a)(7)(B), does not exceed 14,000 words and that it is printed in proportionally-spaced 14-point font. The Petition contains 729 words.

Dated:   December 10 , 2018

# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

## PETITION NO. 18-3786

## IN RE: MARY K. HARRIS



MARY K. HARRIS,
Petitioner,
v.

MARRIOTT OWNERSHIP RESORTS (ST. THOMAS), INC. d/b/a
FRENCHMAN'S COVE RESORTS and/or d/b/a MARRIOTT VACATION
CLUB, JOHN DOE AND ROE CORPORATION,
Respondent.

PETITION FOR WRIT OF MANDAMUS TO THE UNITED STATES
DISTRICT COURT OF THE VIRGIN ISLANDS, ST. THOMAS/ST. JOHN
DIVISION
CIVIL NO. 3:18-CV-00039-CVG-RM
(HON. CURTIS V. GOMEZ)

APPENDIX I TO PETITION OF MARY K. HARRIS

JOEL H. HOLT
ROBIN P. SEILA
Law Office of Joel H. Holt, Esq. P.C.
2132 Company Street
Christiansted USVI 00820
(340) 773-8709 (340) 773-8677 (fax)

# Petitioner's Appendix

## Table of Contents

1. Notice of Petition for Review .......................................................................1
2. District Court of the Virgin Islands Docket Sheet for Case No. 3:18-CV-39-CVG-RM ....................................................................................................3
3. Motion to Remand ......................................................................................6
4. Memorandum in Support of Motion to Remand............................................8
5. Defendant's Response in Opposition to Plaintiff's Motion to Remand........13
6. Reply to Defendant's Opposition to Motion to Remand..............................36
7. Second Motion to Remand.........................................................................40
8. Memorandum in Support of Second Motion to Remand .............................42
9. Defendant's Motion to Strike Plaintiff's Second Motion to Remand...........83
10. Plaintiff's Response to Marriott's Motion to Strike....................................87
11. Plaintiff's Notice to the Court ..................................................................89

# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

MARY K. HARRIS,

                        Plaintiff,

v.

MARRIOTT OWNERSHIP RESORTS (ST. THOMAS), INC. d/b/a FRENCHMAN'S COVE RESORTS and/or d/b/a MARRIOTT VACATION CLUB, JOHN DOE AND ROE CORPORATION,

                        Defendants.

CIVIL NO. 2018-CV- 00039-CVG-RM

## PLAINTIFF'S NOTICE TO THE COURT

Comes now the Plaintiff and gives Notice of filing a Petition for Writ of Mandamus to the United States District Court of the Virgin Islands, St. Thomas/St. John Division in the United States Court of Appeals for the Third Circuit. A copy of the Petition is attached to this Notice.

Dated: December 10, 2018

                        */s/ Robin P. Seila, Esq.*
                        Robin P. Seila
                        Law Office of Joel H. Holt, Esq. P.C.
                        2132 Company Street
                        Christiansted, St. Croix
                        USVI, 00820
                        (340) 773-8709
                        joel@joelholtpc@gmail.com
                        robin.joelholtpc@gmail.com

                        */s/ Julie German Evert, Esq.*
                        Julie German Evert, Esq. (VI Bar No. 370)
                        *Co-Counsel for Plaintiff*
                        Law Office of Julie German Evert
                        5143 Pam Passage, Suite 10-A
                        Charlotte Amalie, St. Thomas 00801
                        (340) 774-2830;  (340) 774-2803 (Fax)
                        julieevert555@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this December 10, 2018, that the foregoing document is being served on all counsel of record identified on the below Service List by email as well as via transmission of Notices of Electronic Filing generated by CM/ECF:

Niva Harney-Hiller
Hamilton, Miller & Birthisel
150 S.E. Second Ave. #1200
Miami, FL. 33131
nharney@hamiltonmillerlaw.com

/s/ Robin P. Seila, Esq.

## District Court of the Virgin Islands
## District of the Virgin Islands (St. Thomas Division)
## CIVIL DOCKET FOR CASE #: 3:18-cv-00039-CVG-RM

Harris v. Marriott Ownership Resorts (St. Thomas), Inc. d/b/a Frenchman's Cove Resorts and/or d/b/a Marriott Vacation Club et al

Assigned to: District Judge Curtis V. Gomez
Referred to: Magistrate Judge Ruth Miller
Demand: $725,000
Cause: 28:1441 Petition for Removal- Personal Injury

Date Filed: 07/05/2018
Jury Demand: Defendant
Nature of Suit: 360 P.I.: Other
Jurisdiction: Diversity

**Plaintiff**

**Mary K. Harris**

represented by **Julie G. Evert**
Law Offices of Julie Evert
5143 Palm Passage
Suite 10A
St Thomas, VI 00802
340-774-2830
Fax: 340-774-2803
Email: julieevert555@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robin P. Seila**
Joel H. Holt
2132 Company Street
Christiansted, VI 00820
340-773-8701
Fax: 340-773-8677
Email: robin.joelholtpc@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**dant**

**tt Ownership Resorts (St.
;;, Inc. d/b/a Frenchman's Cove
and/or d/b/a Marriott Vacation**

represented by **Niva Maria Harney-Hiller**
Hamilton, Miller & Birthisel
150 SE 2nd Avenue
Suite 1200
Miami, Fl 33131
305-379-3686
Fax: 305-379-3690
Email: nharney@hamiltonmillerlaw.com
*ATTORNEY TO BE NOTICED*

....uant

**JOHN DOE**

<u>Defendant</u>

**Roe Corporation**

| Date Filed | # | Docket Text |
|---|---|---|
| 07/05/2018 | 1 | NOTICE OF REMOVAL by *MARRIOTT OWNERSHIP RESORTS (ST. THOMAS), INC. D/B/A FRENCHMAN'S COVE RESORTS AND/OR D/B/A MARRIOTT VACATION CLUB* from The Superior Court of the Virgin Islands, case number 18-cv-394. ( Filing fee $ 400 receipt number 0391-732434)filed by Marriott Ownership Resorts (St. Thomas), Inc. d/b/a Frenchman's Cove Resorts and/or d/b/a Marriott Vacation Club. (Attachments: # 1 Exhibit A - Complaint filed by Plaintiff in the Superior Court of the Virgin Islands, # 2 Exhibit B - Summons with date of service, # 3 Exhibit C - Plaintiff's Demand Letter, # 4 Exhibit Composite D - a copy of the process, pleadings and other papers filed in Superior Court of the Virgin Islands together with a docket sheet) (Harney-Hiller, Niva) Modified on 7/6/2018 (TRH). Modified on 7/6/2018 (TRH). (Entered: 07/05/2018) |
| 07/06/2018 | 2 | AMENDED NOTICE OF REMOVAL by Marriott Ownership Resorts (St. Thomas), Inc. d/b/a Frenchman's Cove Resorts and/or d/b/a Marriott Vacation Club. Amendment to 1 Notice of Removal,,, *Amended Notice of Removal of Civil Action*. (Attachments: # 1 Exhibit A - Complaint filed by Plaintiff in the Superior Court of the Virgin Islands, # 2 Exhibit B - Summons with date of service, # 3 Exhibit C - Plaintiff's Demand Letter, # 4 Exhibit Composite D - a copy of the process, pleadings and other papers filed in Superior Court of the Virgin Islands together with a docket sheet) (Harney-Hiller, Niva) Modified on 7/9/2018 (TRH). (Entered: 07/06/2018) |
| 07/09/2018 | 3 | MOTION for Refund of Fees Paid Electronically by Defendant Marriott Ownership Resorts (St. Thomas), Inc. d/b/a Frenchman's Cove Resorts and/or d/b/a Marriott Vacation Club. (Attachments: # 1 Exhibit A - Receipt of Fees paid for Notice of Removal, # 2 Exhibit B - Receipt of Duplicate Fees paid for Notice of Removal, # 3 Text of Proposed Order Proposed Order Granting Motion for Refund of Duplicate Fee) (Harney-Hiller, Niva) (Entered: 07/09/2018) |
| /09/2018 | 4 | ORDER (RM) granting 3 Motion for Refund of Duplicate Fees Paid Electronically. (Entered: 07/09/2018) |
| '2/2018 | 5 | NOTICE of Appearance by Robin P. Seila on behalf of Plaintiff Mary K. Harris (Seila, Robin) (Entered: 07/12/2018) |
| '. 2018 | 6 | First MOTION to Remand by Plaintiff Mary K. Harris. (Seila, Robin) (Entered: 07/12/2018) |
| 2018 | 7 | MEMORANDUM in Support re 6 First MOTION to Remand filed by Plaintiff Mary K. Harris. (Seila, Robin) (Entered: 07/12/2018) |
| 018 | | **NOTICE OF CORRECTED DOCKET ENTRY Proposed Order is needed Re: 6 First MOTION to Remand . (KAB) (Entered: 07/13/2018)** |
| 18 | 8 | NOTICE of Proposed Order for the Motion to Remand by Mary K. Harris re 6 First |

| | | |
|---|---|---|
| | | MOTION to Remand (Seila, Robin) (Entered: 07/13/2018) |
| 07/18/2018 | 9 | NOTICE of Filing of Proposed Order granting Motion for Remand by Mary K. Harr re 6 First MOTION to Remand , 7 Memorandum in Support to Motion *to Remand* (Attachments: # 1 Text of Proposed Order) (Seila, Robin) (Entered: 07/18/2018) |
| 07/26/2018 | 10 | Response re 6 First MOTION to Remand *Response in Opposition to Plaintiff's Motion to Remand* filed by Defendant Marriott Ownership Resorts (St. Thomas), Inc. d/b/a Frenchman's Cove Resorts and/or d/b/a Marriott Vacation Club. (Attachments: # 1 Exhibit A - Complaint filed by Plaintiff in the Superior Court of the Virgin Islands) (Harney-Hiller, Niva) (Entered: 07/26/2018) |
| 07/31/2018 | 11 | REPLY to Opposition to Motion re 6 First MOTION to Remand , 9 Notice (Other), 10 Response, 7 Memorandum in Support to Motion *to Remand* filed by Plaintiff Mary K. Harris. (Seila, Robin) (Entered: 07/31/2018) |
| 08/06/2018 | 12 | Second MOTION to Remand *to the Superior Court of the Virgin Islands* by Plaintiff Mary K. Harris. (Attachments: # 1 Text of Proposed Order) (Seila, Robin) (Entered: 08/06/2018) |
| 08/06/2018 | 13 | MEMORANDUM in Support re 12 Second MOTION to Remand *to the Superior Court of the Virgin Islands* filed by Plaintiff Mary K. Harris. (Attachments: # 1 Exhibit Amended Notice of Removal (Relevant Parts of ECF No. 2), # 2 Exhibit Defendant MORI's Answer, # 3 Exhibit Declaration of Counsel) (Seila, Robin) (Entered: 08/06/2018) |
| 08/14/2018 | 14 | MOTION to Strike 12 Second MOTION to Remand *to the Superior Court of the Virgin Islands*, 13 Memorandum in Support to Motion, by Defendant Marriott Ownership Resorts (St. Thomas), Inc. d/b/a Frenchman's Cove Resorts and/or d/b/a Marriott Vacation Club. (Harney-Hiller, Niva) (Entered: 08/14/2018) |
| 08/17/2018 | 15 | Opposition to Motion re 14 MOTION to Strike 12 Second MOTION to Remand *to the Superior Court of the Virgin Islands*, 13 Memorandum in Support to Motion, filed by Plaintiff Mary K. Harris. (Seila, Robin) (Entered: 08/17/2018) |
| 0/09/2018 | 16 | NOTICE to the Court by Mary K. Harris re 6 First MOTION to Remand , 12 Second MOTION to Remand *to the Superior Court of the Virgin Islands* (Seila, Robin) (Entered: 10/09/2018) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 12/04/2018 11:44:31 | | |
| **PACER Login:** | robinseila:5600558:0 | **Client Code:** |
| **Description:** | Docket Report | **Search Criteria:** 3:18-cv-00039-CVG-RM |
| **Billable Pages:** | 3 | **Cost:** 0.30 |

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

MARY K. HARRIS,

v.                              Plaintiff,

MARRIOTT OWNERSHIP RESORTS (ST. THOMAS), INC. d/b/a FRENCHMAN'S COVE RESORTS and/or d/b/a MARRIOTT VACATION CLUB, JOHN DOE AND ROE CORPORATION,

Defendants.

CIVIL NO.  2018-cv- 00039-CVG-RM

## MOTION TO REMAND

The Defendant Marriott Ownership Resorts (St. Thomas), Inc., removed this case from the Superior Court to this Court on July 6, 2018, pursuant to 28 U.S.C. §1446. The Plaintiff hereby moves to remand this matter back to the Superior Court, as said removal was untimely under the applicable law. For the reasons set forth in the attached memorandum, which is incorporated herein by reference, it is respectfully submitted that this matter be remanded back to the Superior Court.

Dated: July 12, 2018

/s/ Robin P. Seila, Esq.
Robin P. Seila
Law Office of Joel H. Holt, Esq. P.C.
2132 Company Street
Christiansted, St. Croix
USVI, 00820
(340) 773-8709
joel@joelholtpc.gmail.com
robin.joelholtpc@gmail.com

/s/ Julie German Evert, Esq.
Julie German Evert, Esq. (VI Bar No. 370)
Co-Counsel for Plaintiff
Law Office of Julie German Evert
5143 Pam Passage, Suite 10-A
Charlotte Amalie, St. Thomas 00801
(340) 774-2830;  (340) 774-2803 (Fax)
julieevert555@gmail.com

**Motion for Remand**
**Page 2**

## CERTIFICATE OF SERVICE

I hereby certify that on this July 12, 2018, that the foregoing document is being served on all counsel of record identified on the below Service List by email as well as via transmission of Notices of Electronic Filing generated by CM/ECF:

Niva Harney-Hiller
Hamilton, Miller & Birthisel
150 S.E. Second Ave. #1200
Miami, FL. 33131
nharney@hamiltonmillerlaw.com

*/s/ Robin P/ Seila, Esq.*

**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN**

MARY K. HARRIS,

              Plaintiff,

v.

MARRIOTT OWNERSHIP RESORTS (ST.
THOMAS), INC. d/b/a FRENCHMAN'S COVE
RESORTS and/or d/b/a MARRIOTT VACATION
CLUB, JOHN DOE AND ROE CORPORATION,

              Defendants.

CIVIL NO.  2018-cv- 00039-CVG-RM

**MEMORANDUM IN SUPPORT OF MOTION TO REMAND**

The Defendant Marriott Ownership Resorts (St. Thomas), Inc. ("Marriott"), removed this case from the Superior Court to this Court on July 6, 2018, pursuant to 28 U.S.C. §1446. The Plaintiff hereby moves to remand this matter back to the Superior Court, as said removal was untimely under the applicable law. For the reasons set forth herein, it is respectfully submitted that this matter be remanded back to the Superior Court.

In its motion, Marriott admits in ¶ 2 that it was served in January 18, 2018. On its face, the Complaint alleged that the Plaintiff and Marriott were not from the same jurisdiction.[1] Moreover, while there were two other defendants identified as "John Doe" and "Roe Corporation," 29 U.S.C. §1441(b)(1) expressly provides as follows:

> (b) Removal based on diversity of citizenship.-- (1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.

Thus, at the outset, Marriott knew the named parties (itself and the Plaintiff) were diverse.

---

[1] The Complaint is attached as Exhibit A to the removal filing ("Exhibit A").

The Complaint filed in the Superior Court did describe the multiple, horrific injuries has suffered by the Plaintiff and is expected to suffer in the future, some of which will be permanent, alleging in part (See Exhibit A at ¶¶ 14, 18, 26-29:

- She fell off of the back seat of the van into the floor area next to the door, landing on her head, injuring her head, neck, shoulder and back:

- She suffered pain and suffering, mental anguish, loss of enjoyment of life, loss of income, impairment of her future earning capacity;

- Her injuries include shock to her nervous system, affecting other parts of her body;

- Aside from suffering all of these injuries, which still continue and will continue into the future, she also sustained some permanent disability as well.

However, pursuant to 5 V.I.C. § 5, the Complaint could not and did not seek a specific amount of damages, as the Virgin Islands Legislature has prohibited a Plaintiff from asking for a specific amount of money in the Complaint.

Counsel is aware of this Court's holding in *Hall v. Delta Air Lines, Inc.*, 340 F. Supp. 2d 596, 599 (D.V.I. 2004), which held that removal was not untimely if made within 30 days after receipt of a settlement demand letter, as such a letter may constitute an "other paper" upon which removability can be based under § 1446(b). Marriott apparently is relying on this holding, but that case predates the 2011 amendments to 28 U.S.C. § 1446 (c)(2), which provide in part as follows:

> **(2)** If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that--
> **(A)** the notice of removal may assert the amount in controversy if the initial pleading seeks--
> **(i)** nonmonetary relief; or
> **(ii) a money judgment, but the State practice either does not permit demand for a specific sum** or permits recovery of damages in excess of the amount demanded; and

> **(B)** removal of the action is proper on the basis of an amount in controversy
> asserted under subparagraph (A) if the district court finds, by the preponderance
> of the evidence, that the amount in controversy exceeds the amount specified
> in section 1332(a). (Emphasis added).

Thus, after 2011, a Defendant, like Marriott, can remove a case within 30 days after

being served even if the complaint does not allege a specific amount of damages if the

defendant simply files a statement pursuant to subsection 2(A) above. In this case, the

Complaint (Exhibit A) certainly contained sufficient information for Marriott ot make such

a determination.

Moreover, removal under the "other paper" provision of § 1446 (c)(3)(A) is only

permitted when:

> **(3)(A)** If the case stated by the initial pleading is not removable **solely because**
> **the amount in controversy does not exceed the amount specified in section**
> **1332(a),** information relating to the amount in controversy in the record of the
> State proceeding, or in responses to discovery, shall be treated as an "other
> paper" under subsection (b)(3). (Emphasis added).

Thus, it is respectfully submitted that this provision now only applies where the initial

complaint alleges damages less that $75,000, when in fact higher damages are being

sought.

In short, the 2011 amendments to §1446 cured the problem of a defendant not

being able to remove a case where state law prohibited the plaintiff from seeking a

specific sum of money in the complaint. Here, Marriott certainly knew the damages

being sought exceeded $75,000 based on the allegations in the Complaint of specific,

multiple damage claims, including permanent injuries. Thus, it should have removed

this case by February 18, 2018, instead of waiting six months, after the Superior Court

had entered a scheduling order and discovery had commenced. See Exhibit D to the

Removal Filing.

Case: 3:18-cv-00039-CVG-RM   Document #: 7   Filed: 07/12/18   Page 4 of 5
Memorandum in Support of Motion for Remand
Page 4

Removal statutes are to be strictly construed to ensure prompt removal where appropriate and to avoid a defendant from "changing" his or her decision as to which court they may want to litigate a claim. With the 2011 amendment, defendants in this jurisdiction have an opportunity to decide when to remove a diversity case with in 30 days of being served based on the new language adopted in §1446 (c)(2). To require defendants in the Virgin Islands to follow the steps set forth in this rule will encourage comity with the Superior Court of the Virgin Islands at the outset of a case, not long after the case has proceeded in the Superior Court with court activity already taking place.

As such, it is respectfully submitted that this matter be remanded to the Superior Court of the Virgin Islands, as the removal notice was untimely.

Dated: July 12, 2018

/s/ Robin P. Seila, Esq.
Robin P. Seila
Law Office of Joel H. Holt, Esq. P.C.
2132 Company Street
Christiansted, St. Croix
USVI, 00820
(340) 773-8709
joel@joelholtpc@gmail.com
robin.joelholtpc@gmail.com

/s/ Julie German Evert, Esq.
Julie German Evert, Esq. (VI Bar No. 370)
Co-Counsel for Plaintiff
Law Office of Julie German Evert
5143 Pam Passage, Suite 10-A
Charlotte Amalie, St. Thomas 00801
(340) 774-2830;  (340) 774-2803 (Fax)
julieevert555@gmail.com

**Memorandum in Support of Motion for Remand**
**Page 5**

## CERTIFICATE OF SERVICE

I hereby certify that on this July 12, 2018, that the foregoing document is being served on all counsel of record identified on the below Service List by email as well as via transmission of Notices of Electronic Filing generated by CM/ECF:

Niva Harney-Hiller
Hamilton, Miller & Birthisel
150 S.E. Second Ave. #1200
Miami, FL. 33131
nharney@hamiltonmillerlaw.com

*/s/ Robin P. Seila, Esq.*

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS

MARY K. HARRIS,                          )
                                         )
           Plaintiff,                    )       CIVIL NO.   18-cv-00039
                                         )
v.                                       )
                                         )
MARRIOTT OWNERSHIP                       )
RESORTS (ST. THOMAS), INC.               )
d/b/a FRENCHMAN'S COVE                   )
RESORTS and/or d/b/a                     )
MARRIOTT VACATION CLUB,                  )
JOHN DOE AND ROE                         )
CORPORATION                             )
                                         )
           Defendants.                   )
_____)

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Defendant, MARRIOTT OWNERSHIP RESORTS (ST. THOMAS), INC. d/b/a FRENCHMAN'S COVE RESORTS and/or d/b/a MARRIOTT VACATION CLUB ("MORI"), by and through undersigned counsel, and pursuant to the Federal Rules of Civil Procedure, hereby files a Response in Opposition to Plaintiff's Motion to Remand and states:

### PRELIMINARY STATEMENT

Plaintiff's Motion for Remand should be denied. In her Motion to Remand, Plaintiff asserts in conclusory fashion that review of the Complaint and the Notice of Removal compel remand. Plaintiff agrees that on the face of the Complaint, the parties are diverse and essentially concedes that the fictitiously named Defendants do not defeat diversity. However, Plaintiff incorrectly asserts that MORI should have known that the damages being sought exceeded $75,000.00 based solely on the

HAMILTON, MILLER & BIRTHISEL, VI P.C.
VI U.S. VIRGIN ISLANDS PROFESSIONAL CORPORATION
MAILING ADDRESS: 150 SOUTHEAST SECOND AVENUE, SUITE 1200, MIAMI, FLORIDA 33131 • 305-379-3686 • FAX 305-379-3690

13

allegations of the Complaint. MORI's first knowledge of the damages sought was receipt of the demand letter on June 5, 2018. As such, Defendant timely removed the case to Federal Court, which is the proper forum based on diversity and the amount in controversy as confirmed by the "other paper", i.e. Plaintiff's Demand Letter. Accordingly, this Court should deny Plaintiff's Motion to Remand.

## STATEMENT OF FACTS

1.     On or about September 5, 2017, Plaintiff commenced this action by filing a Complaint in the Superior Court of the Virgin Islands, Division of St. Thomas and St. John. *See* Complaint attached as Ex. "A."

2.     Plaintiff named Marriott Ownership Resorts (St. Thomas), Inc. d/b/a Frenchman's Cove Resorts and/or d/b/a Marriott Vacation Club, John Doe and Roe Corporation as Defendants in the Complaint.

3.     Plaintiff advises that she is a resident of South Carolina and that MORI is a Virgin Islands Corporation. However, Plaintiff fails to advise the place of residency or principal place of business of John Doe or Roe Corporation.

4.     The Complaint generically alleges that Plaintiff suffered multiple injuries including but not limited to head, neck, shoulder and back injuries, and shock to her nervous system.

5.     As such, Defendant was not aware that Plaintiff's damages exceeded $75,000.00 until receipt of Plaintiff's June 5, 2018 demand letter seeking well in excess of $75,000.00.

**HAMILTON, MILLER & BIRTHISEL, VI P.C.**
A U.S. VIRGIN ISLANDS PROFESSIONAL CORPORATION
MAILING ADDRESS: 150 SOUTHEAST SECOND AVENUE, SUITE 1200, MIAMI, FLORIDA 33131 • 305-379-3686 • FAX 305-379-3690

2

14

6.    We propounded discovery on March 6, 2018, however, no responses have been received.

7.    On June 5, 2018, Plaintiff provided a 39-page demand with eight exhibits and for the first time, indicated that the total damages in this case significantly exceeded $75,000.00.

8.    On July 5, 2018, MORI properly removed this matter to Federal Court under the Court diversity jurisdiction.

## MEMORANDUM

Contrary to Plaintiff's Motion, MORI's Removal was proper and timely based on the facts known from the Complaint, and the amount in controversy as confirmed by the "other paper". As filed in Superior Court, this action satisfies the complete diversity of citizenship requirement of 28 USC §1332(a)(1). Under 28 USC §1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States."

While there were two (2) other fictitiously named Defendants (John Doe and Roe Corporation), Plaintiff alleges that based on the Complaint, the parties are diverse. Under 28 U.S.C.S. § 1441(b)(1), "in determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title [28 USCS § 1332(a)], the citizenship of defendants sued under fictitious names shall be disregarded." In *Scott v. Dollar Tree Stores*, Plaintiff filed suit against Dollar Tree

**HAMILTON, MILLER & BIRTHISEL, VI P.C.**
A U.S. VIRGIN ISLANDS PROFESSIONAL CORPORATION
MAILING ADDRESS: 150 SOUTHEAST SECOND AVENUE, SUITE 1200, MIAMI, FLORIDA 33131 • 305-379-3686 • FAX 305-379-3690

3

15

and two John Doe defendants and moved to remand the action to state court   for

lack of diversity of citizenship because one of the John Doe Defendants may

eventually be identified as a New Jersey citizen. *Scott v. Dollar Tree Stores, Inc.*,

No. 17-9168 (JLL), 2017 U.S. Dist. LEXIS 207242, at *3-4 (D.N.J. Dec. 18, 2017).

The court ruled that Plaintiff's argument is without merit, noting that "the

citizenship of fictitious parties such as John Doe or ABC Corporation is disregarded

for purposes of determining diversity". *Id* at 6.

Here, like in *Scott*, Plaintiff does not know the identity of John Doe and Roe

Corporation. Moreover, Plaintiff has not identified the citizenship of either of the

unidentified parties. However, MORI and Plaintiff are indeed diverse; MORI is a

Virgin Islands Corporation, while Plaintiff resides in South Carolina. Plaintiff

acknowledged same in her Memorandum in Support of Motion to Remand and

stated that MORI knew that the parties were diverse but failed to file a removal

within thirty (30) days of filing the Complaint.

Then, Plaintiff goes on to argue that based on the injuries alleged in the

Complaint, MORI should have known that the value of the case would exceed

$75,000.00. However, Plaintiff is mistaken. Plaintiff generically pled that she

sustained injuries to her head, neck, shoulder, and back, shock to the nervous

system, and pain and suffering, amongst other allegations after falling from the

seat of a van onto the floor area.  MORI would not be able to decipher the value of

damages based on those allegations.   In fact, MORI was not able to decipher

**HAMILTON, MILLER & BIRTHISEL, VI P.C.**
A U.S. VIRGIN ISLANDS PROFESSIONAL CORPORATION
MAILING ADDRESS: 150 SOUTHEAST SECOND AVENUE, SUITE 1200, MIAMI, FLORIDA 33131 • 305-379-3686 • FAX 305-379-3690

4

16

Plaintiff's exact damages, and hence the amount in controversy, until receipt of the demand letter on June 5, 2018. Therefore, MORI timely removed the case within thirty (30) days on July 5, 2018.

Section 1446 is clear that, in order for a removal notice to be timely, it must be filed within thirty days of the date on which the defendant first ascertained that the case was removable based on "a copy of an amended pleading, motion, order or other paper." 28 U.S.C. § 1446(b). "Although there is no appellate decision within this Circuit specifically defining "other paper" within the meaning of the statute, the district courts in the Third Circuit have given the term an "embracive construction" to include a wide array of documents, including letter communications between counsel, deposition testimony, stipulations between the parties, answers to interrogatories, and transcripts." *Costa v. Verizon N.J., Inc.*, 936 F. Supp. 2d 455, 465-66 (D.N.J. 2013). "Correspondence between counsel, including a settlement demand letter, may constitute an 'other paper' upon which removability can be based under section 1446 (b)." *Hall v. Delta Air Lines, Inc.*, 340 F. Supp. 2d 596, 599 (D.V.I. 2004).

Here, the Notice of Removal was filed well beyond thirty days after the complaint was filed. However, the Notice of Removal was filed within thirty (30) days of when MORI first ascertained that the case was removable. MORI filed the Notice of Removal within thirty days of receipt of Plaintiff's June 5, 2018 Demand Letter, which clearly shows that the amount in controversy well exceeds $75,000.00.

**HAMILTON, MILLER & BIRTHISEL, VI P.C.**
A U.S. VIRGIN ISLANDS PROFESSIONAL CORPORATION
MAILING ADDRESS: 150 SOUTHEAST SECOND AVENUE, SUITE 1200, MIAMI, FLORIDA 33131 • 305-379-3686 • FAX 305-379-3690

5

17

Although Plaintiff alleges that MORI should have known the damages exceeded $75,000.00 from the Complaint, MORI staunchly disagrees. Nothing in the Complaint would communicate to the MORI that the case was valued at more than $75,000.00. The thirty (30) day removal clock did not start when Plaintiff served MORI with the Complaint; it started on June 5, 2018 when Plaintiff sent MORI the Demand Letter seeking damages well above $75,000.00. As such, Plaintiff's Motion for Remand should be denied.

WHEREFORE, Defendant, MARRIOTT OWNERSHIP RESORTS (ST. THOMAS), INC. d/b/a FRENCHMAN'S COVE RESORTS and/or d/b/a MARRIOTT VACATION CLUB respectfully requests that this Honorable Court deny Plaintiff's Motion to Remand and further relief as this Court deems just and proper.

Dated:  July 26, 2018

> Respectfully submitted,
>
> __/s/ Niva M. Harney-Hiller__
> Niva M. Harney-Hiller, Esq.
> V.I. Bar No. 1224
> nharney@hamiltonmillerlaw.com
> Hamilton, Miller & Birthisel, VI P.C.
> 150 Southeast Second Avenue
> Suite 1200
> Miami, Florida 33131
> Tel:  305-379-3686
> Fax:  305-379-3690

HAMILTON, MILLER & BIRTHISEL, VI P.C.
A U.S. VIRGIN ISLANDS PROFESSIONAL CORPORATION
MAILING ADDRESS: 150 SOUTHEAST SECOND AVENUE, SUITE 1200, MIAMI, FLORIDA 33131 • 305-379-3686 • FAX 305-379-3690

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court on July 26, 2018 and is being served on all counsel of record or pro se parties identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ *Niva M. Harney-Hiller*
Niva M. Harney-Hiller

### SERVICE LIST

Julie German Evert, Esq.
julieevert555@gmail.com
lawofficeofjulieevert@gmail.com
Law Office of Julie German Evert
5143 Palm Passage, Suite 10-A
St. Thomas, VI 00802
Co-counsel for Plaintiff

Robin P. Seila, Esq.
robin@joelholtpc@gmail.com
joel@joelholtpc@gmail.com
The Law Office of Joel H. Holt, Esq., P.C.
2132 Company Street
Christiansted, St. Croix
USVI 00820
Co-counsel for Plaintiff

HAMILTON, MILLER & BIRTHISEL, VI P.C.
A U.S. VIRGIN ISLANDS PROFESSIONAL CORPORATION
MILING ADDRESS: 150 SOUTHEAST SECOND AVENUE, SUITE 1200, MIAMI, FLORIDA 33131 • 305-379-3686 • FAX 305-379-3690

7

19

## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DISTRICT OF ST. THOMAS & ST. JOHN

| | |
|---|---|
| MARY K. HARRIS , ) | CIVIL NO. ST-17 |
| ) | |
| Petitioner, ) | ACTION FOR DAMAGES |
| ) | |
| vs. ) | JURY TRIAL DEMANDED |
| ) | |
| MARRIOTT OWNERSHIP ) | |
| RESORTS (ST. THOMAS), INC. ) | |
| d/b/a/ FRENCHMAN'S COVE ) | |
| RESORTS and/or d/b/a ) | |
| MARRIOTT VACTION CLUB, ) | |
| JOHN DOE AND ROE ) | |
| CORPORATION ) | |
| ) | |
| Respondent. ) | |

### COMPLAINT

COMES NOW, Plaintiff, MARY K. HARRIS, by and through her undersigned counsel, LAW OFFICES OF JULIE GERMAN EVERT, (Julie German Evert, Esquire, of counsel) and for his Complaint allege as follows:

1.  This Court has jurisdiction pursuant to 4 V.I.C. Section 76(a) (as amended).

2.  At all times material hereto Plaintiff MARY K. HARRIS was a resident and citizen of the State of South Carolina.

3.  At all times material hereto, Plaintiff was in the exercise of due care and caution for her safety and the safety of others.

4.  At all times material hereto, Defendant MARRIOTT OWNERSHIP RESORTS (ST. THOMAS), INC. was a Virgin Islands corporation, with its principal place of business in St. Thomas, Virgin Islands, doing business

### Exhibit A

in the US Virgin Islands as Frenchman's Cove Resorts and also doing business as Marriott Vacation Club.

5.   Defendant Marriott is the owner and operator in possession and control of certain premises located in Estate Bakkeroe, St. Thomas, Virgin Islands, which is commonly known as "Frenchman's Cove Resorts" (hereinafter Defendant will be referred to as "Frenchman's Cove")

6.   Frenchman's Cove has a lobby for guests and invitees, which lobby is accessed by vehicles which have to drive around a circular drive way, which circular driveway has tropical plants in the center of the circle (herein after the "plant feature"). The circular driveway is located on the premises of Frenchman's Cove, and is not a public road.

7.   Defendant John Doe is the owner and/or operator of the vehicle in which Plaintiff was injured, and whose true name will be substituted in this action, once that name is determined during discovery.

8.   Defendant Roe Corporation is the company who owns the vehicle involved in the incident complained of, and who hired and/or contracted with Defendant John Doe to drive the vehicle in which Plaintiff was injured, and whose true name is not known at this time, and whose true name, will be substituted when learned through discovery.

9.   On or around October 23, 2015, Plaintiff Mary Harris was an invitee and guest to the premises known as Frenchman's Cove, as described above.

10.   On the date of the incident complained of, plaintiff was being driven in a shuttle van being operated by Defendant John Doe, and traveling from

Marriott Frenchman's Reef Hotel to the lobby of Frenchman's Cove, when Defendant John Doe drove recklessly and carelessly around the circular driveway to the lobby described above, which reckless and careless driving caused the plaintiff to be thrown from her seat and into the door well of the shuttle van, where she landed head first.

11. At no time did Defendant John Doe instruct the passengers in the shuttle van where the seatbelts were located, give plaintiff and the other guests in the shuttle van time to look for and secure the seatbelts before he began driving to Frenchman's Cove with the plaintiff. ·

12. At the time of the incident complained of herein, the circular driveway did not have speed bumps or safety and/or warning signs or any other safety measures to enable individuals to safely drive around the circular driveway described herein, and/or to force drivers to slow down when driving around the circular driveway.

13. Upon information and belief, prior to the time of the incident complained of, Defendant John Doe had driven around the circular driveway described above, and knew, or should have known that in order to prevent passengers from being thrown from their seats, the curve required drivers to drive slowly and carefully around the circular driveway.

14. As a direct and proximate result of the Defendant Frenchman's Cove's failure to ensure that its premises, and specifically the circular driveway, were in a safe condition, the plaintiff was thrown from her seat and landed headfirst into the door well of the shuttle van, which was still moving,

MARY K. HARRIS v. MARRIOTT OWNL..SHIP RESORTS (ST. THOMAS,( INC.  ET AL., CIVIL NO.:
**COMPLAINT**
Page 4

causing her to sustain injuries to her body including but not limited to her head, neck, shoulder and back.

15.     Defendant Frenchman's Cove was responsible for inspecting and maintaining the premises, and specifically the circular driveway to the lobby described above.

16.     Defendant Frenchman's Cove was responsible for ensuring that the circular driveway described herein contained proper lighting, speed bumps, safety signs, warning signs or any other safety measures to enable drivers to drive safely around the area.  The lack of proper lighting, speed bumps, safety signs, warning signs or any other safety measure caused the Plaintiff to be thrown from her seat and to sustain the injuries described herein.

17.     As a direct and proximate result of the negligent acts and omissions of all of the Defendants, the Plaintiff was severely and permanently injured.

**18.**     Plaintiff's injuries include physical pain and suffering, mental anguish, loss of enjoyment of life, loss of income, loss of the capacity to earn income and medical expenses, all of which have accrued in the past, and will continue to accrue into the future.

## COUNT I

## NEGLIGENCE OF DEFENDANT FRENCHMAN'S COVE

19.     Plaintiff repeats and realleges all preceding paragraphs 1-18 which are incorporated herein by reference.

20.    Defendant Frenchman's Cove had a duty of care to the plaintiff that required the defendant and its agents to maintain the premises in a reasonably safe condition for invitees such as the plaintiff.

21.    This obligation creates a duty on the part of the defendant to maintain, inspect, repair and to ensure that the premises are in a reasonably safe condition for guests and invitees on the premises such as the Plaintiff.

22.    Defendant Frenchman's Cove, through its owners, agents, employees, officers and directors, was negligent to include but not be limited to:

   (a)  In failing to provide a safe environment for persons such as the plaintiff, including but not limited to by failing to provide adequate safety measures to protect passengers in vehicles being driven around the circular driveway described above from the risk of injuries, including but not limited to properly lit roads and properly lit plant features located in the middle of the circular driveway, safety signs, warning signs, speed bumps, and other necessary safety measures to address the foreseeable consequences by failing to provide adequate safety measures;

   (b) In failing to provide a safe environment for persons such as the plaintiff, including but not limited to by failing to have its employees actually make, adequate patrols of the outdoor premises, to wit: the circular driveway and the outside plant feature located in the center of the circular driveway so as to locate, warn of, cordon off, and to timely

correct conditions that can and did pose a hazard to invitees and guests, as complained of herein;

(c) In failing to conduct reasonable and timely inspections of its premises;

(d) In failing to provide adequate training to its agents and employees;

(e) In failing to provide adequate lighting for the circular driveway and the plant feature described above, on its premises, and particularly at the area where the plaintiff was injured;

(f) In failing to design an entrance for vehicles driving to the lobby of Frenchman's Cove that is reasonably safe for passengers;

(g) In failing to install warning and/or safety signs on and around the circular driveway;

(h) In failing to warn guests and invitees such as plaintiff of the likelihood of injury as a result of the acts of negligence described herein;

(i) In failing to install speed bumps around the circular driveway which would have forced drivers to slow down;

(j) In failing to properly and adequately design the plant feature in the center of the circular driveway;

(k) In failing to properly light, cut and maintain the tropical plants located inside the plant feature descried herein; and

(l) In other acts and omissions that will be shown at the trial of this matter.

23.   Defendant's legal duties included the duty to use ordinary care in determining whether a prospective employee is competent and fit to be hired and retained as an employee, a duty to protect the public by

MARY K. HARRIS v. MARRIOTT OWNE...SHIP RESORTS (ST. THOMAS,( INC. ET AL., CIVIL NO.:
**COMPLAINT**
Page 7

inquiring into the competence and qualifications of those considered for employment, a duty to use ordinary care in adequately supervising its employees, a duty to use ordinary care in retaining its employees, and a duty to use ordinary care in adequately training its employees to recognize unsafe and hazardous conditions, and to take timely and adequate action to prevent, remedy, and react to circumstances that could result in injury to invitees and guests such as the plaintiff, or others present on the premises.

24. These legal duties required Defendant to hire, supervise, train and retain fit agents and employees that would be on the lookout to detect, and then report or to otherwise react to unsafe conditions of the premises and circumstances that could foreseeably cause injury to occur on the subject premises, including but not limited to inadequate lighting, or light bulbs that needed replacement, inadequate trimming of the plant feature located in the center of the circular driveway, inadequate lighting of the plant feature described above, lack of speed bumps, lack or warning and/or safety signs which could and would result in injuries to invitees and guests as complained of herein.

25. Defendant failed to monitor the premises properly and further failed to hire, retain, and to train appropriate and sufficient personnel to monitor, maintain, repair, clean, and inspect the premises and to ensure that the premises was maintained and operated in a manner that was safe for individuals present on the premises, such as the plaintiff.

MARY K. HARRIS v. MARRIOTT OWNERSHIP RESORTS (ST. THOMAS,( INC. ET AL., CIVIL NO.:
**COMPLAINT**
Page 8

26. As a direct and proximate result of the defendant's negligent acts and omissions, as alleged herein, MARY K. HARRIS was damaged as alleged herein.

27. As a direct and proximate result of the aforementioned conduct of defendant, as hereinabove alleged, plaintiff was hurt and injured in her health, strength and activity, in all parts of her body, including but not limited to her head, neck, shoulders and back, and plaintiff sustained shock and injuries to her nervous system and person, all of which injuries have caused and continued to cause plaintiff great mental, physical and nervous anxiety, and pain and suffering.

28. Plaintiff is informed and believes, and based thereupon alleges, that such injuries will result in some permanent disability to plaintiff, all to her general damage, in an amount to be proven at time of trial.

29. As a further direct and proximate result of the conduct of the defendant, plaintiff has incurred and will continue to incur expenses for physicians, therapy, drugs and medications, and other miscellaneous necessary and reasonable expenses for her medical care and treatment, the exact amount of which is as yet unascertained.  Further plaintiff will, in the future, continue to incur like expenses of an unknown amount.  In addition, plaintiff has lost income, and the ability to earn income

30. At all times material to the allegations set forth in this Complaint, the defendant, as the owner and occupier of the property/premises where the plaintiff was injured, is and was the possessor of the property.

31.   As the possessor of the property, the defendant had a duty to maintain the premises where the plaintiff was injured so that it is and was reasonably safe for individuals present on the premises such as the plaintiff and did not contain unreasonable and foreseeable risks of harm and unsafe conditions including those alleged herein.

32.   Prior to the time of the incident and activities complained of herein that form the basis for this lawsuit, the defendant knew, or, in the exercise of reasonable care, should have known that the circular driveway where the plaintiff was a passenger in a vehicle constituted a danger and hazard to persons such as plaintiff.

33.   Defendant breached its duty to maintain the premises in a safe and secure manner free from unreasonable risks of harm, by both failing to adequately warn the plaintiff of the conditions reasonably safe.

34.   As a direct and proximate result of defendant's breach of duty, plaintiff has been damaged as alleged herein.

35.   Defendant's conduct as alleged herein was in violation of Virgin Islands law.

36.   Defendant is on notice of, and should have been on notice of, the substantial deferred maintenance on the subject property.

37.   Other incidents resulting in injury have occurred on the premises and Defendant has actual and/or constructive notice of the same, including a contractor of Defendant who was hit and injured by a taxi van as was walking adjacent to the plant feature described above.

## COUNT II

## NEGLIGENCE OF JOHN DOE

38.     Plaintiff repeats and realleges all preceding paragraphs 1-33 which are incorporated herein by reference.

39.     Defendant John Doe is either an employee/contractor of Frenchman's Cove or an employee/contractor from Defendant Roe Corporation.

40.     At all times material hereto, Defendant John Doe had a duty of care to transport guests and invitees of Frenchman's Cove in a safe manner.

41.     On the date of the incident complained of, Defendant John Doe so negligently and carelessly drove the shuttle van described above, by driving too fast, that he directly and proximately causing severe and debilitating injuries to plaintiff who was thrown in and about the taxi.

42.     Defendant John Doe breached his duty of care to plaintiff.

43.     As a direct and proximate result of the aforementioned conduct of Defendant John Doe, as hereinabove alleged, plaintiff was hurt and injured in her health, strength and activity, in all parts of her body, including but not limited to her head, neck, shoulders and back, and plaintiff sustained shock and injuries to her nervous system and person, all of which injuries have caused and continued to cause plaintiff great mental, physical and nervous anxiety, and pain and suffering.

44.     Plaintiff is informed and believes, and based thereupon alleges, that such injuries will result in some permanent disability to plaintiff, all to her general damage, in an amount to be proven at time of trial.

45.     As a further direct and proximate result of the conduct of the Defendant John Doe, plaintiff has incurred and will continue to incur expenses for physicians, therapy, drugs and. medications, and other miscellaneous

MARY K. HARRIS v. MARRIOTT OWNERSHIP RESORTS (ST. THOMAS,( INC. ET AL., CIVIL NO.:
**COMPLAINT**
Page 11

necessary and reasonable expenses for her medical care and treatment, the exact amount of which is as yet unascertained. Further plaintiff will, in the future, continue to incur like expenses of an unknown amount. In addition, plaintiff has lost income, and the ability to earn income.

46.   Defendant John Doe was negligent in, but not limited to, the following manner:

47.      (a)   Operating his vehicle in an unsafe manner under the conditions and circumstances then existing;

(b)   Failing to maintain his vehicle under proper control; and

(c)   Failing to make timely or any application of his brakes when by so doing he could have avoided the incident;

48.   Defendant John Doe's conduct as alleged herein was in violation of Virgin Islands law.

## COUNT III

### NEGLIGENCE OF ROE CORPORATION

49.   Plaintiff repeats and realleges all preceding paragraphs 1-44 which are incorporated herein by reference.

50.   Defendant Roe Corporation is the company who hired and/or contracted with Defendant John Doe to drive the vehicle in which Plaintiff was injured, and whose true name is not known at this time, and whose true name, will be substituted when learned through discovery.

51. Defendant Roe Corporation had a duty of care to safely transport guests and/or invitees of Defendant Frenchman's Cove from and to Frenchman's Cove and Marriott Frenchman's Reef Hotel.

52. This obligation creates a duty on the part of the defendant to properly train and supervise its employees/contractors so that the employees/contractors will know specifically how they are to safely and reasonably transport guests and invitees, such as plaintiff, between Frenchman's Cove and Marriott Frenchman's Reef Hotel and Resort.

53. Defendant Roe Corporation, through its owners, agents, employees, officers and directors, was negligent to include but not be limited to:

   (a) In failing to provide a safe environment inside the vehicle Defendant John Doe was driving with plaintiff when the incident complained of occurred, including but not limited to by failing to provide adequate safety measures to protect passengers, such as plaintiff, in vehicles being driven around the circular driveway described above from the risk of injuries, and other necessary safety measures to address the foreseeable consequences by failing to provide adequate safety measures.

   (b) In failing to provide a safe environment for persons such as the plaintiff, including but not limited to by failing to have its employees/contractors know that they must drive carefully and slowly around the circular driveway described herein,

(c) In failing to conduct reasonable and timely inspections and/or observations of its employees/contractors while they are driving the shuttle vans;

(d) In failing to provide notice to guests and invitees, such as plaintiff, where the seatbelts in the shuttle van were located;

(e) In failing to instruct and train its employees/contractors not to drive with guests and/or invitees, such as plaintiff, unless and until the guests and/or invitees had properly secured their seatbelts;

(f) In failing to provide adequate training to its agents and employees;

(g) In other acts and omissions that will be shown at the trial of this matter.

(b) Defendant's legal duties included the duty to use ordinary care in determining whether a prospective employee is competent and fit to be hired and retained as an employee, a duty to protect the public by inquiring into the competence and qualifications of those considered for employment, a duty to use ordinary care in adequately supervising its employees, a duty to use ordinary care in retaining its employees, and a duty to use ordinary care in adequately training its employees to recognize unsafe and hazardous conditions, and to take timely and adequate action to prevent, remedy, and react to circumstances that could result in injury to invitees and guests such as the plaintiff, or others present on the premises.

54.   These legal duties required Defendant to hire, supervise, train and retain fit agents and employees that would be on the lookout to detect, and then

MARY K. HARRIS v. MARRIOTT OWN... SHIP RESORTS (ST. THOMAS,( INC. ET AL, ...VIL NO.:
**COMPLAINT**
Page 14

report or to otherwise react to unsafe conditions of the premises and/or shuttle vans and circumstances that could foreseeably cause injury to occur while driving on the subject premises, including but not limited to inadequate lighting, or light bulbs that needed replacement, inadequate trimming of the plant feature located in the center of the circular driveway, inadequate lighting of the plant feature described above, lack of speed bumps, lack or warning and/or safety signs which could and would result in injuries to invitees and guests as complained of herein.

55.    Defendant failed to monitor its employees/contractors properly and further failed to hire, retain, and to train appropriate and sufficient personnel to monitor, and observe its employees/contractors so that it could determine if its employees/contactors were safely and reasonably driving their guests/invitees, such as the plaintiff.

56.    As a direct and proximate result of the defendant's negligent acts and omissions, MARY K. HARRIS was damaged as alleged herein.

57.    As the employer of defendant John Doe, defendant Roe Corporation had a duty to ensure that defendant John Doe drove the shuttle van in a manner that was reasonably safe for individuals utilizing the shuttle service described herein, and did not contain unreasonable and foreseeable risks of harm and unsafe conditions including those alleged herein.

58.    Prior to the time of the incident and activities complained of herein that forms the basis for this lawsuit, the defendant knew, or, in the exercise of

reasonable care, should have known that the circular driveway where the plaintiff was a passenger in a vehicle being driven by defendant John Doe constituted a danger and hazard to persons such as plaintiff.

59.  Prior to the time of the incident and activities complained of herein that forms the basis for this lawsuit, the defendant knew, or, in the exercise of reasonable care, should have known that defendant John Doe sometimes operated his shuttle van in a reckless and careless manner, when he was driving passengers who were guests/invitees such as plaintiff, such that defendant John Doe constituted a danger and hazard to persons such as plaintiff.

60.  Defendant breached its duty of care to plaintiff by failing to transport plaintiff in a safe, secure and reasonable manner free from unreasonable risks of harm.

61.  As a direct and proximate result of defendant's breach of duty, plaintiff has been damaged as alleged herein.

62.  Defendant is on notice of, and should have been on notice of, the substantial deferred maintenance on the subject property, as well as the prior reckless and careless manner in which defendant John Doe operated the shuttle van.

63.  Other incidents resulting in injury have occurred on the premises as a result of the poor design of the circular driveway, substantially deferred maintenance, and unsafe and reckless driving of the shuttle van around

the circular driveway described above, and Defendant has actual and/or constructive notice of the same.

**WHEREFORE,** Plaintiff demands judgment against Defendants jointly and severally as follows:

A.     In favor of Plaintiff for compensatory damages and special damages, in an amount to be proven at trial;

B.     Costs, including reasonable attorneys' fees;

C.     Pre-judgment interest and post judgment interest and

D.     Such other and further relief as to this Court seems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

RESPECTFULLY SUBMITTED,

**LAW OFFICE OF JULIE GERMAN EVERT**

Dated:  September 5, 2017

Julie German Evert, Esq.
5143 Palm Passage Ste 10A
St. Thomas, VI  00802
VI Bar #370
Telephone:   (340) 774-2830
Facsimile:    (340) 774-2803
*Attorney for Plaintiff*

35

# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

MARY K. HARRIS,

v.

                Plaintiff,

MARRIOTT OWNERSHIP RESORTS (ST. THOMAS), INC. d/b/a FRENCHMAN'S COVE RESORTS and/or d/b/a MARRIOTT VACATION CLUB, JOHN DOE AND ROE CORPORATION,

                Defendants.

CIVIL NO. 2018-cv- 00039-CVG-RM

## REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO REMAND

The Defendant Marriott Ownership Resorts (St. Thomas), Inc. ("Marriott"), has opposed Plaintiff's motion to remand this matter back to the Superior Court. However, it is respectfully submitted that said opposition is insufficient to defeat this motion.

At the outset, the Defendant now concedes that the parties were diverse when the Complaint was initially filed in the Superior Court. Marriott contends, however, that it did not and could not know the damages sought exceeded the $75,000 minimum for diversity jurisdiction. This argument does not excuse removing this case 30 days after service of process.

In this regard, Marriott also concedes that pursuant to 5 V.I.C. § 5, the Complaint could not seek a specific amount of damages, as the Virgin Islands Legislature has prohibited a Plaintiff from asking for a specific amount of money in the Complaint.

In this regard, when a complaint is filed a state court that does not permit a specific claim for damages, 28 U.S.C. § 1446 (c)(2), was amended in 2011 to address this situation, provide in part as follows:

**(2)** If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, **except that--**

> **(A) the notice of removal may assert the amount in controversy if the initial pleading seeks--**
> **(i)** nonmonetary relief; or
> **(ii) a money judgment, but the State practice either does not permit demand for a specific sum . . . .**

The amended statute included a provision that protected against a federal district court from having a case below the $75,000 jurisdictional requirement, proving in subsection (c)(2)(B):

> **(B)** removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a). (Emphasis added).

Thus, after 2011, a Defendant, like Marriott, must remove a case within 30 days after being served even if the complaint does not allege a specific amount of damages if the state does not permit the complaint to seek a specific sum of money. In that circumstance, the defendant simply files a statement pursuant to §1446(c)(2)(A) above.[1]

Moreover, removal under the "other paper" provision of §1446(c)(3)(A) is only permitted when the amount claimed in the initial complaint is below $75,000:

> **(3)(A)** If the case stated by the initial pleading is not removable **solely because the amount in controversy does not exceed the amount specified in section 1332(a),** information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an "other paper" under subsection (b)(3). (Emphasis added).

In this case, there was no such allegation seeking an amount under $75,000, so this section is not applicable here.

In summary, no set amount was sought in the initial complaint because the Virgin Islands code prohibits a specific monetary demand in a complaint. After 2011, a

---

[1] While perhaps irrelevant to this inquiry under the removal provisions of 28 U.S.C. §1446 (c)(2), the initial complaint contained sufficient information for Marriott to make such a determination, describing the multiple injuries the Plaintiff has suffered and is expected to suffer in the future, some of which are permanent injuries. (See Complaint at ¶¶ 14, 18, 26-29.

defendant must remove within 30 days of service when a state practice does not permit such a monetary pleading under §1446(c)(2)(A), with subsection (c)(2)(B) designed to prevent an improper removal based upon the amount of the claim.

Thus, Marriott should have removed this case by February 18, 2018, instead of waiting six months to do so.[2] As such, it is respectfully submitted that this matter be remanded to the Superior Court of the Virgin Islands, as the removal notice was untimely.

Dated: July 31, 2018                          */s/ Robin P. Seila, Esq.*
                                              Robin P. Seila
                                              Law Office of Joel H. Holt, Esq. P.C.
                                              2132 Company Street
                                              Christiansted, St. Croix
                                              USVI, 00820
                                              (340) 773-8709
                                              joel@joelholtpc@gmail.com
                                              robin.joelholtpc@gmail.com

                                              */s/ Julie German Evert, Esq.*
                                              Julie German Evert, Esq. (VI Bar No. 370)
                                              *Co-Counsel for Plaintiff*
                                              Law Office of Julie German Evert
                                              5143 Pam Passage, Suite 10-A
                                              Charlotte Amalie, St. Thomas 00801
                                              (340) 774-2830;  (340) 774-2803 (Fax)
                                              julieevert555@gmail.com

---

[2] To require defendants in the Virgin Islands to follow the steps set forth in this rule will encourage comity with the Superior Court of the Virgin Islands at the outset of a case, not long after the case has proceeded in the Superior Court with court activity already taking place.

# CERTIFICATE OF SERVICE

I hereby certify that on this July 31, 2018, that the foregoing document is being served on all counsel of record identified on the below Service List by email as well as via transmission of Notices of Electronic Filing generated by CM/ECF:

Niva Harney-Hiller
Hamilton, Miller & Birthisel
150 S.E. Second Ave. #1200
Miami, FL. 33131
nharney@hamiltonmillerlaw.com

/s/ Robin P. Seila, Esq.

**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

MARY K. HARRIS,

               Plaintiff,

v.

MARRIOTT OWNERSHIP RESORTS (ST.
THOMAS), INC. d/b/a FRENCHMAN'S COVE
RESORTS and/or d/b/a MARRIOTT VACATION
CLUB, JOHN DOE AND ROE CORPORATION,

               Defendants.

CIVIL NO.  2018-cv- 00039-CVG-RM

## SECOND MOTION TO REMAND

The Defendant Marriott Ownership Resorts (St. Thomas), Inc., removed this case from the Superior Court to this Court on July 6, 2018, pursuant to 28 U.S.C. §1446. The Plaintiff hereby moves to remand this matter back to the Superior Court, as said removal was improper under the applicable law. For the reasons set forth in the attached memorandum, which is incorporated herein by reference, it is respectfully submitted that this matter be remanded back to the Superior Court.

Dated: August 6, 2018

        /s/ Robin P. Seila, Esq.
        Robin P. Seila
        Law Office of Joel H. Holt, Esq. P.C.
        2132 Company Street
        Christiansted, St. Croix
        USVI, 00820
        (340) 773-8709
        joel@joelholtpc@gmail.com
        robin.joelholtpc@gmail.com

        /s/ Julie German Evert, Esq.
        Julie German Evert, Esq. (VI Bar No. 370)
        Co-Counsel for Plaintiff
        Law Office of Julie German Evert
        5143 Pam Passage, Suite 10-A
        Charlotte Amalie, St. Thomas 00801
        (340) 774-2830;  (340) 774-2803 (Fax)
        julieevert555@gmail.com

Second Motion to Remand
Page 2

# CERTIFICATE OF SERVICE

I hereby certify that on this August 6, 2018, that the foregoing document is being served on all counsel of record identified on the below Service List by email as well as via transmission of Notices of Electronic Filing generated by CM/ECF:

Niva Harney-Hiller
Hamilton, Miller & Birthisel
150 S.E. Second Ave. #1200
Miami, FL. 33131
nharney@hamiltonmillerlaw.com

*/s/ Robin P/ Seila, Esq.*

**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

MARY K. HARRIS,

Plaintiff,

v.

MARRIOTT OWNERSHIP RESORTS (ST.
THOMAS), INC. d/b/a FRENCHMAN'S COVE
RESORTS and/or d/b/a MARRIOTT VACATION
CLUB, JOHN DOE AND ROE CORPORATION,

Defendants.

CIVIL NO.  2018-cv- 00039-CVG-RM

### MEMORANDUM IN SUPPORT OF SECOND MOTION TO REMAND

The Defendant Marriott Ownership Resorts (St. Thomas), Inc. ("MORI"), removed this case from the Superior Court to this Court on July 6, 2018, pursuant to 28 U.S.C. §1446. The Plaintiff has already moved to remand this matter back to the Superior Court, as said removal was untimely and improper under the applicable law. However, a second basis for remand has now come to Counsel's attention. Thus, for the reasons set forth herein, it is respectfully submitted that this matter be remanded back to the Superior Court for this new reason as well.

For the Court's convenience, Plaintiff has attached the relevant portions of MORI's Amended Notice of Removal of Civil Action (ECF No. 2). **Exhibit 1.** In the Amended Removal Notice, on page 4, the Defendant MORI averred it was a Delaware Corporation, signed under the Rule 11 standard, although no other evidence was submitted to support this allegation.

However, **Exhibit A** to that Removal Notice is the initial Complaint, where the Plaintiff alleged in ¶ 4 that

> Defendant MARRIOTT OWNERSHIP RESORTS (ST. THOMAS), INC. was a Virgin Islands corporation, with its principal place of business in St. Thomas, Virgin Islands, doing business in the US Virgin Islands as Frenchman's Cove Resorts and also doing business as Marriott Vacation Club.

In its Answer (**Exhibit 2**), Defendant Marriott stated in ¶ 4

> Admitted that **MORI is a Virgin Islands Corporation** that operates on the property on which the alleged incident occurred. All other allegations in Paragraph 4 are denied." (emphasis added).

Aside from what Plaintiff alleged and what Defendant MORI admitted, Defendant MORI's resident agent is located in St. Thomas, USVI, not Delaware, and accepted service.

Thus, Plaintiff respectfully submits that Defendant MORI's subsequent removal based upon diversity jurisdiction is improper. Defendant MORI asserted for the first time that it "was at the time of the alleged incident, and is currently, a Delaware Corporation." (Amended Notice of Removal of Civil Action ¶ 14, ECF No. 2), when in fact it is a Virgin Islands Corporation. See attached Declaration of Counsel. **Exhibit 3**.

Removal of an action brought in the Virgin Islands by a Defendant that is also a Virgin Islands Corporation is not proper. 28 U.S.C. §1441(b)(2) expressly provides as follows:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

Thus, because MORI is a Virgin Islands Corporation, it could not remove this action filed in the Superior Court of the Virgin Islands.

As such, it is respectfully submitted that this matter be remanded to the Superior Court of the Virgin Islands, as the removal notice was improper.

Dated: August 6, 2018          */s/ Robin P. Seila, Esq.*
                               Robin P. Seila
                               Law Office of Joel H. Holt, Esq. P.C.
                               2132 Company Street
                               Christiansted, St. Croix
                               USVI, 00820
                               (340) 773-8709

joel@joelholtpc@gmail.com
robin.joelholtpc@gmail.com

*/s/ Julie German Evert, Esq.*
Julie German Evert, Esq. (VI Bar No. 370)
*Co-Counsel for Plaintiff*
Law Office of Julie German Evert
5143 Pam Passage, Suite 10-A
Charlotte Amalie, St. Thomas 00801
(340) 774-2830;  (340) 774-2803 (Fax)
julieevert555@gmail.com

# CERTIFICATE OF SERVICE

I hereby certify that on this August 6, 2018, that the foregoing document is being served on all counsel of record identified on the below Service List by email as well as via transmission of Notices of Electronic Filing generated by CM/ECF:

Niva Harney-Hiller
Hamilton, Miller & Birthisel
150 S.E. Second Ave. #1200
Miami, FL.  33131
nharney@hamiltonmillerlaw.com

*/s/ Robin P. Seila, Esq.*

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS

MARY K. HARRIS,                      )
                                     )
        Plaintiff,                   )
                                     )
  v.                                 )    CIVIL NO.   18-cv-00039
                                     )
MARRIOTT OWNERSHIP                   )
RESORTS (ST. THOMAS), INC.           )
d/b/a FRENCHMAN'S COVE               )
RESORTS and/or d/b/a                 )
MARRIOTT VACATION CLUB,              )
JOHN DOE AND ROE                     )
CORPORATION                          )
                                     )
        Defendants.                  )
                                     )
                                     )

## AMENDED NOTICE OF REMOVAL OF CIVIL ACTION

Defendants MARRIOTT OWNERSHIP RESORTS (ST. THOMAS), INC. d/b/a FRENCHMAN'S COVE RESORTS and/or d/b/a MARRIOTT VACATION CLUB (hereinafter collectively "MORI"), by and through undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and Rule 81(c) of the Federal Rules of Civil Procedure, removes to this Court the action filed in the Superior Court of the Virgin Islands, Division of St. Thomas and St. John, Civil No. ST-17-CV-394, with full reservation of rights, exceptions and defenses, and states:

### I. BACKGROUND

1.     On or about September 5, 2017, Plaintiff commenced this action by filing a Complaint in the Superior Court of the Virgin Islands, Division of St. Thomas and St. John. *See* Complaint attached as Exhibit "A."

**HAMILTON, MILLER & BIRTHISEL** LLP
SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

45

EXHIBIT

2.      The Complaint was served on January 12, 2018. *See* Summons with Date of Service attached as Exhibit "B."

3.      The Complaint alleges a claim for negligence against MORI as a result of injuries allegedly sustained in a slip and fall in a shuttle van on October 23, 2015. (Exhibit "A," at ¶¶ 9-10). Plaintiff alleges, *inter alia*, that MORI failed to: provide adequate safety measures to protect passengers in vehicles being driven around the circular driveway from the risk of injuries; have its employees actually make adequate patrols of the outdoor premises; conduct reasonable and timely inspections of its premises; provide adequate training to its agents and employees; provide adequate lighting for the circular driveway and the plant feature, on its premises and particularly at the area where the plaintiff was injured; design an entrance or vehicle driving to the lobby of Frenchman's Cove that is reasonably safe for passengers; install warning and/or safety signs on and around the circular driveway; warn guests and invitees such as plaintiff of the likelihood of injury as a result of the acts of negligence described herein; install speed bumps around the circular driveway which would have forced drivers to slow down; properly and adequately design the plant feature in the center of the circular driveway; and properly light, cut and maintain the tropical plants located inside the plant feature described herein. (Exhibit "A," at ¶¶ 22).

4.      The Complaint also alleges claims for negligence against John Doe and Roe Corporation as a result of injuries allegedly sustained in a slip and fall in a shuttle van on October 23, 2015. (Exhibit "A," at ¶¶ 9-10). Plaintiff alleges, *inter*

2

**HAMILTON, MILLER & BIRTHISEL** LLP
SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

46

*alia*, that John Doe operated his vehicle in an unsafe manner under the conditions and circumstances then existing; failed to maintain his vehicle under proper control; and make timely or any application of his brakes when by so doing he could have avoided the incident. (Exhibit "A," at ¶¶ 47).

5.    Plaintiff further alleges that Roe Corporation failed to: provide adequate safety measures to protect passengers, such as Plaintiff, in vehicles being driven around the circular driveway from the risk of injuries; have its employees/contractors know that they must drive carefully and slowly around the circular driveway; conduct reasonable and timely inspections and/or observations of its employees/contractors while they are driving the shuttle vans; provide notice to guests and invitees, such as Plaintiff, where seatbelts in the shuttle van are located; instruct and train its employees/contractors not to drive with guests and/or invitees, such as plaintiff, unless and until the guests and/or invitees had properly secured their seatbelts; and provide adequate training to its agents and employees. (Exhibit "A," at ¶¶ 53).

6.    It is clear that John Doe and Roe Corporation were named in this lawsuit and added as Defendants, in an attempt to destroy diversity and defeat removal to federal court. As such, MORI requests that this Court disregard John Doe's and Roe Corporation's citizenship when determining that complete diversity jurisdiction exists in this case and dismiss John Doe and Roe Corporation from this case entirely.

3

**HAMILTON, MILLER & BIRTHISEL** LLP
SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

CIVIL NO. 18-cv-00039

7.      Plaintiff's action is removable based on diversity of citizenship of the parties, and because the claimed amount in controversy is in excess of $75,000.00 exclusive of interest, attorney's fees, and costs.

8.      On June 5, 2018, Plaintiff sent a time-sensitive demand letter, seeking $725,000.00. *See* Plaintiff's Demand Letter, attached as Exhibit "C."

9.      In accordance with 28 U.S.C. § 1446(b), MORI files this Notice of Removal within thirty (30) days of the date that it received a copy of "other paper," i.e., Plaintiff's Demand Letter. The thirty (30) day period within which MORI had to remove this matter commenced on June 5, 2018, when Plaintiff sent the Demand Letter. *See* Exhibit "C."

10.     MORI attaches hereto, and makes a part of this notice, a copy of the process, pleadings, and other papers filed in the Superior Court of the Virgin Islands, Division of St. Thomas and St. John, together with a docket sheet from the Clerk of the Court. (*See* attached as Composite Exhibit "D").

11.     MORI reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## I.    DIVERSITY JURISDICTION

12.     This matter is properly removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, as this Court has jurisdiction over this case based on diversity of citizenship of the parties.

13.     Plaintiff resides in the State of South Carolina.

4

**HAMILTON, MILLER & BIRTHISEL** LLP
SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

48

14.   MORI was at the time of the alleged incident, and is currently, a Delaware Corporation.

15.   Plaintiff alleges that she suffered severe injuries, including her head, neck, shoulder, and back, as a result of falling from her seat to the floor of the shuttle van on the island of St. Thomas, U.S. Virgin Islands. Plaintiff seeks damages for physical pain and suffering, mental anguish, loss of enjoyment of life, loss of income, loss of the capacity to earn income, and medical expenses, all of which are alleged to have accrued in the past and to continue into the future. The total amount of Plaintiff's claimed damages place the amount in controversy in excess of the sum or value of $75,000.00.

16.   As the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states, Defendants are entitled to remove said cause from the Superior Court of the Virgin Islands, Division of St. Thomas and St. John, based on this Court's diversity jurisdiction.

17.   Venue is proper in this district under 28 U.S.C. § 1446(a), because this district and division embrace the place in which the removed action has been pending.

18.   The prerequisites for removal under 28 U.S.C. § 1441 have been met.

19.   A Notice of Filing Notice of Removal, with a copy of this Notice of Removal attached, is being filed with the Superior Court of the Virgin Islands, Division of St. Thomas and St. John.

HAMILTON, MILLER & BIRTHISEL LLP
SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

CIVIL NO. 18-cv-00039

**WHEREFORE**, Defendant MARRIOTT OWNERSHIP RESORTS (ST. THOMAS), INC. d/b/a FRENCHMAN'S COVE RESORTS and/or d/b/a MARRIOTT VACATION CLUB, respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, Civil No. ST-17-CV-394 on the docket of the Superior Court of the Virgin Islands, Division of St. Thomas and St. John, be removed from that Court to the District Court of the Virgin Islands, Division of St. Thomas, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which MORI is entitled.

Respectfully submitted,

*/s/ Niva M. Harney-Hiller, Esq.*
NIVA M. HARNEY-HILLER, ESQ.
V.I. Bar No. 1224
Hamilton, Miller & Birthisel, VI P.C.
Counsel for Defendant
150 Southeast Second Avenue, # 1200
Miami, Florida 33131
Telephone 305-379-3686
Telefax 305-379-3690

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 6th day of July, 2018, the foregoing document is being served on all counsel of record or pro se parties identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Niva M. Harney-Hiller*
NIVA M. HARNEY-HILLER, ESQ.

**HAMILTON, MILLER & BIRTHISEL,** LLP
OUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

**SERVICE LIST**

Julie German Evert, Esq.
Law Office of Julie German Evert
5143 Palm Passage, Suite 10-A
St. Thomas, VI 00802
*Counsel for Plaintiff*

7

**HAMILTON, MILLER & BIRTHISEL** LLP
THEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DISTRICT OF ST. THOMAS & ST. JOHN

MARY K. HARRIS ,

      Petitioner,

  vs.

MARRIOTT OWNERSHIP
RESORTS (ST. THOMAS), INC.
d/b/a/ FRENCHMAN'S COVE
RESORTS and/or d/b/a
MARRIOTT VACTION CLUB,
JOHN DOE AND ROE
CORPORATION

      Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL NO. ST-17

ACTION FOR DAMAGES

JURY TRIAL DEMANDED

## COMPLAINT

**COMES NOW**, Plaintiff, MARY K. HARRIS, by and through her undersigned counsel, LAW OFFICES OF JULIE GERMAN EVERT, (Julie German Evert, Esquire, of counsel) and for his Complaint allege as follows:

1. This Court has jurisdiction pursuant to 4 V.I.C. Section 76(a) (as amended).

2. At all times material hereto Plaintiff MARY K. HARRIS was a resident and citizen of the State of South Carolina.

3. At all times material hereto, Plaintiff was in the exercise of due care and caution for her safety and the safety of others.

4. At all times material hereto, Defendant MARRIOTT OWNERSHIP RESORTS (ST. THOMAS), INC. was a Virgin Islands corporation, with its principal place of business in St. Thomas, Virgin Islands, doing business

Exhibit "A"

in the US Virgin Islands as Frenchman's Cove Resorts and also doing business as Marriott Vacation Club.

5. Defendant Marriott is the owner and operator in possession and control of certain premises located in Estate Bakkeroe, St. Thomas, Virgin Islands, which is commonly known as "Frenchman's Cove Resorts" (hereinafter Defendant will be referred to as "Frenchman's Cove")

6. Frenchman's Cove has a lobby for guests and invitees, which lobby is accessed by vehicles which have to drive around a circular drive way, which circular driveway has tropical plants in the center of the circle (herein after the "plant feature"). The circular driveway is located on the premises of Frenchman's Cove, and is not a public road.

7. Defendant John Doe is the owner and/or operator of the vehicle in which Plaintiff was injured, and whose true name will be substituted in this action, once that name is determined during discovery.

8. Defendant Roe Corporation is the company who owns the vehicle involved in the incident complained of, and who hired and/or contracted with Defendant John Doe to drive the vehicle in which Plaintiff was injured, and whose true name is not known at this time, and whose true name, will be substituted when learned through discovery.

9. On or around October 23, 2015, Plaintiff Mary Harris was an invitee and guest to the premises known as Frenchman's Cove, as described above.

10. On the date of the incident complained of, plaintiff was being driven in a shuttle van being operated by Defendant John Doe, and traveling from

Exhibit "A"

53

Marriott Frenchman's Reef Hotel to the lobby of Frenchman's Cove, when Defendant John Doe drove recklessly and carelessly around the circular driveway to the lobby described above, which reckless and careless driving caused the plaintiff to be thrown from her seat and into the door well of the shuttle van, where she landed head first.

11.    At no time did Defendant John Doe instruct the passengers in the shuttle van where the seatbelts were located, give plaintiff and the other guests in the shuttle van time to look for and secure the seatbelts before he began driving to Frenchman's Cove with the plaintiff.

12.    At the time of the incident complained of herein, the circular driveway did not have speed bumps or safety and/or warning signs or any other safety measures to enable individuals to safely drive around the circular driveway described herein, and/or to force drivers to slow down when driving around the circular driveway.

13.    Upon information and belief, prior to the time of the incident complained of, Defendant John Doe had driven around the circular driveway described above, and knew, or should have known that in order to prevent passengers from being thrown from their seats, the curve required drivers to drive slowly and carefully around the circular driveway.

14.    As a direct and proximate result of the Defendant Frenchman's Cove's failure to ensure that its premises, and specifically the circular driveway, were in a safe condition, the plaintiff was thrown from her seat and landed headfirst into the door well of the shuttle van, which was still moving,

Exhibit "A"

MARY K. HARRIS v. MARRIOTT OWN..RSHIP RESORTS (ST. THOMAS,( INC. ET AL., CIVIL NO.:
**COMPLAINT**
Page 4

causing her to sustain injuries to her body including but not limited to her head, neck, shoulder and back.

15. Defendant Frenchman's Cove was responsible for inspecting and maintaining the premises, and specifically the circular driveway to the lobby described above.

16. Defendant Frenchman's Cove was responsible for ensuring that the circular driveway described herein contained proper lighting, speed bumps, safety signs, warning signs or any other safety measures to enable drivers to drive safely around the area. The lack of proper lighting, speed bumps, safety signs, warning signs or any other safety measure caused the Plaintiff to be thrown from her seat and to sustain the injuries described herein.

17. As a direct and proximate result of the negligent acts and omissions of all of the Defendants, the Plaintiff was severely and permanently injured.

18. Plaintiff's injuries include physical pain and suffering, mental anguish, loss of enjoyment of life, loss of income, loss of the capacity to earn income and medical expenses, all of which have accrued in the past, and will continue to accrue into the future.

## COUNT I
## NEGLIGENCE OF DEFENDANT FRENCHMAN'S COVE

19. Plaintiff repeats and realleges all preceding paragraphs 1-18 which are incorporated herein by reference.

Exhibit "A"

ɔ.18-cv-00039-CVG-RM Document #: 13-1 Filed: 08/06/18 Page 12 of 26

Case: 3:18-cv-00039-CVG-RM Document #: 2-1 Filed: 07/06/18 Page 5 of 16
MARY K. HARRIS v. MARRIOTT OWNERSHIP RESORTS (ST. THOMAS,( INC. ET AL., CIVIL NO.:
**COMPLAINT**
Page 5

20. Defendant Frenchman's Cove had a duty of care to the plaintiff that required the defendant and its agents to maintain the premises in a reasonably safe condition for invitees such as the plaintiff.

21. This obligation creates a duty on the part of the defendant to maintain, inspect, repair and to ensure that the premises are in a reasonably safe condition for guests and invitees on the premises such as the Plaintiff.

22. Defendant Frenchman's Cove, through its owners, agents, employees, officers and directors, was negligent to include but not be limited to:

(a) In failing to provide a safe environment for persons such as the plaintiff, including but not limited to by failing to provide adequate safety measures to protect passengers in vehicles being driven around the circular driveway described above from the risk of injuries, including but not limited to properly lit roads and properly lit plant features located in the middle of the circular driveway, safety signs, warning signs, speed bumps, and other necessary safety measures to address the foreseeable consequences by failing to provide adequate safety measures;

(b) In failing to provide a safe environment for persons such as the plaintiff, including but not limited to by failing to have its employees actually make, adequate patrols of the outdoor premises, to wit: the circular driveway and the outside plant feature located in the center of the circular driveway so as to locate, warn of, cordon off, and to timely

**Exhibit "A"**

correct conditions that can and did pose a hazard to invitees and guests, as complained of herein;

(c) In failing to conduct reasonable and timely inspections of its premises;

(d) In failing to provide adequate training to its agents and employees;

(e) In failing to provide adequate lighting for the circular driveway and the plant feature described above, on its premises, and particularly at the area where the plaintiff was injured;

(f) In failing to design an entrance for vehicles driving to the lobby of Frenchman's Cove that is reasonably safe for passengers;

(g) In failing to install warning and/or safety signs on and around the circular driveway;

(h) In failing to warn guests and invitees such as plaintiff of the likelihood of injury as a result of the acts of negligence described herein;

(i) In failing to install speed bumps around the circular driveway which would have forced drivers to slow down;

(j) In failing to properly and adequately design the plant feature in the center of the circular driveway;

(k) In failing to properly light, cut and maintain the tropical plants located inside the plant feature descried herein; and

(l) In other acts and omissions that will be shown at the trial of this matter.

23.    Defendant's legal duties included the duty to use ordinary care in determining whether a prospective employee is competent and fit to be hired and retained as an employee, a duty to protect the public by

Exhibit "A"

inquiring into the competence and qualifications of those considered for employment, a duty to use ordinary care in adequately supervising its employees, a duty to use ordinary care in retaining its employees, and a duty to use ordinary care in adequately training its employees to recognize unsafe and hazardous conditions, and to take timely and adequate action to prevent, remedy, and react to circumstances that could result in injury to invitees and guests such as the plaintiff, or others present on the premises.

24. These legal duties required Defendant to hire, supervise, train and retain fit agents and employees that would be on the lookout to detect, and then report or to otherwise react to unsafe conditions of the premises and circumstances that could foreseeably cause injury to occur on the subject premises, including but not limited to inadequate lighting, or light bulbs that needed replacement, inadequate trimming of the plant feature located in the center of the circular driveway, inadequate lighting of the plant feature described above, lack of speed bumps, lack or warning and/or safety signs which could and would result in injuries to invitees and guests as complained of herein.

25. Defendant failed to monitor the premises properly and further failed to hire, retain, and to train appropriate and sufficient personnel to monitor, maintain, repair, clean, and inspect the premises and to ensure that the premises was maintained and operated in a manner that was safe for individuals present on the premises, such as the plaintiff.

**Exhibit "A"**

MARY K. HARRIS v. MARRIOTT OWNERSHIP RESORTS (ST. THOMAS,( INC.  ET AL., CIVIL NO.:
COMPLAINT
Page 8

26.   As a direct and proximate result of the defendant's negligent acts and omissions, as alleged herein, MARY K. HARRIS was damaged as alleged herein.

27.   As a direct and proximate result of the aforementioned conduct of defendant, as hereinabove alleged, plaintiff was hurt and injured in her health, strength and activity, in all parts of her body, including but not limited to her head, neck, shoulders and back, and plaintiff sustained shock and injuries to her nervous system and person, all of which injuries have caused and continued to cause plaintiff great mental, physical and nervous anxiety, and pain and suffering.

28.   Plaintiff is informed and believes, and based thereupon alleges, that such injuries will result in some permanent disability to plaintiff, all to her general damage, in an amount to be proven at time of trial.

29.   As a further direct and proximate result of the conduct of the defendant, plaintiff has incurred and will continue to incur expenses for physicians, therapy, drugs and medications, and other miscellaneous necessary and reasonable expenses for her medical care and treatment, the exact amount of which is as yet unascertained.  Further plaintiff will, in the future, continue to incur like expenses of an unknown amount.  In addition, plaintiff has lost income, and the ability to earn income

30.   At all times material to the allegations set forth in this Complaint, the defendant, as the owner and occupier of the property/premises where the plaintiff was injured, is and was the possessor of the property.

Exhibit "A"

MARY K. HARRIS v. MARRIOTT OWNERSHIP RESORTS (ST. THOMAS,( INC. ET AL., CIVIL NO.:
COMPLAINT
Page 9

31.  As the possessor of the property, the defendant had a duty to maintain the premises where the plaintiff was injured so that it is and was reasonably safe for individuals present on the premises such as the plaintiff and did not contain unreasonable and foreseeable risks of harm and unsafe conditions including those alleged herein.

32.  Prior to the time of the incident and activities complained of herein that form the basis for this lawsuit, the defendant knew, or, in the exercise of reasonable care, should have known that the circular driveway where the plaintiff was a passenger in a vehicle constituted a danger and hazard to persons such as plaintiff.

33.  Defendant breached its duty to maintain the premises in a safe and secure manner free from unreasonable risks of harm, by both failing to adequately warn the plaintiff of the conditions reasonably safe.

34.  As a direct and proximate result of defendant's breach of duty, plaintiff has been damaged as alleged herein.

35.  Defendant's conduct as alleged herein was in violation of Virgin Islands law.

36.  Defendant is on notice of, and should have been on notice of, the substantial deferred maintenance on the subject property.

37.  Other incidents resulting in injury have occurred on the premises and Defendant has actual and/or constructive notice of the same, including a contractor of Defendant who was hit and injured by a taxi van as was walking adjacent to the plant feature described above.

**Exhibit "A"**

## COUNT II
## NEGLIGENCE OF JOHN DOE

38. Plaintiff repeats and realleges all preceding paragraphs 1-33 which are incorporated herein by reference.

39. Defendant John Doe is either an employee/contractor of Frenchman's Cove or an employee/contractor from Defendant Roe Corporation.

40. At all times material hereto, Defendant John Doe had a duty of care to transport guests and invitees of Frenchman's Cove in a safe manner.

41. On the date of the incident complained of, Defendant John Doe so negligently and carelessly drove the shuttle van described above, by driving too fast, that he directly and proximately causing severe and debilitating injuries to plaintiff who was thrown in and about the taxi.

42. Defendant John Doe breached his duty of care to plaintiff.

43. As a direct and proximate result of the aforementioned conduct of Defendant John Doe, as hereinabove alleged, plaintiff was hurt and injured in her health, strength and activity, in all parts of her body, including but not limited to her head, neck, shoulders and back, and plaintiff sustained shock and injuries to her nervous system and person, all of which injuries have caused and continued to cause plaintiff great mental, physical and nervous anxiety, and pain and suffering.

44. Plaintiff is informed and believes, and based thereupon alleges, that such injuries will result in some permanent disability to plaintiff, all to her general damage, in an amount to be proven at time of trial.

45. As a further direct and proximate result of the conduct of the Defendant John Doe, plaintiff has incurred and will continue to incur expenses for physicians, therapy, drugs and medications, and other miscellaneous

Exhibit "A"

necessary and reasonable expenses for her medical care and treatment, the exact amount of which is as yet unascertained. Further plaintiff will, in the future, continue to incur like expenses of an unknown amount. In addition, plaintiff has lost income, and the ability to earn income.

46.

47.    Defendant John Doe was negligent in, but not limited to, the following manner:

    (a)    Operating his vehicle in an unsafe manner under the conditions and circumstances then existing;

    (b)    Failing to maintain his vehicle under proper control; and

    (c)    Failing to make timely or any application of his brakes when by so doing he could have avoided the incident;

48.    Defendant John Doe's conduct as alleged herein was in violation of Virgin Islands law.

## COUNT III
## NEGLIGENCE OF ROE CORPORATION

49.    Plaintiff repeats and realleges all preceding paragraphs 1-44 which are incorporated herein by reference.

50.    Defendant Roe Corporation is the company who hired and/or contracted with Defendant John Doe to drive the vehicle in which Plaintiff was injured, and whose true name is not known at this time, and whose true name will be substituted when learned through discovery.

Exhibit "A"

51.   Defendant Roe Corporation had a duty of care to safely transport guests and/or invitees of Defendant Frenchman's Cove from and to Frenchman's Cove and Marriott Frenchman's Reef Hotel.

52.   This obligation creates a duty on the part of the defendant to properly train and supervise its employees/contractors so that the employees/contractors will know specifically how they are to safely and reasonably transport guests and invitees, such as plaintiff, between Frenchman's Cove and Marriott Frenchman's Reef Hotel and Resort.

53.   Defendant Roe Corporation, through its owners, agents, employees, officers and directors, was negligent to include but not be limited to:

(a)   In failing to provide a safe environment inside the vehicle Defendant John Doe was driving with plaintiff when the incident complained of occurred, including but not limited to by failing to provide adequate safety measures to protect passengers, such as plaintiff, in vehicles being driven around the circular driveway described above from the risk of injuries, and other necessary safety measures to address the foreseeable consequences by failing to provide adequate safety measures.

(b)   In failing to provide a safe environment for persons such as the plaintiff, including but not limited to by failing to have its employees/contractors know that they must drive carefully and slowly around the circular driveway described herein,

Exhibit "A"

--C-cv-00039-CVG-RM   Document #: 13-1   Filed: 08/06/18   Page 20 of 26

Case: 3:18-cv-00039-CVG-RM   Document #: 2-1   Filed: 07/06/18   Page 13 of 16
MARY K. HARRIS v. MARRIOTT OWNERSHIP RESORTS (ST. THOMAS,( INC. ET AL, CIVIL NO.:
COMPLAINT
Page 13

(c)  In failing to conduct reasonable and timely inspections and/or observations of its employees/contractors while they are driving the shuttle vans;

(d)  In failing to provide notice to guests and invitees, such as plaintiff, where the seatbelts in the shuttle van were located;

(e)  In failing to instruct and train its employees/contractors not to drive with guests and/or invitees, such as plaintiff, unless and until the guests and/or invitees had properly secured their seatbelts;

(f)  In failing to provide adequate training to its agents and employees;

(g)  In other acts and omissions that will be shown at the trial of this matter.

(b)  Defendant's legal duties included the duty to use ordinary care in determining whether a prospective employee is competent and fit to be hired and retained as an employee, a duty to protect the public by inquiring into the competence and qualifications of those considered for employment, a duty to use ordinary care in adequately supervising its employees, a duty to use ordinary care in retaining its employees, and a duty to use ordinary care in adequately training its employees to recognize unsafe and hazardous conditions, and to take timely and adequate action to prevent, remedy, and react to circumstances that could result in injury to invitees and guests such as the plaintiff, or others present on the premises.

54.  These legal duties required Defendant to hire, supervise, train and retain fit agents and employees that would be on the lookout to detect, and then

Exhibit "A"

64

report or to otherwise react to unsafe conditions of the premises and/or shuttle vans and circumstances that could foreseeably cause injury to occur while driving on the subject premises, including but not limited to inadequate lighting, or light bulbs that needed replacement, inadequate trimming of the plant feature located in the center of the circular driveway, inadequate lighting of the plant feature described above, lack of speed bumps, lack or warning and/or safety signs which could and would result in injuries to invitees and guests as complained of herein.

55.   Defendant failed to monitor its employees/contractors properly and further failed to hire, retain, and to train appropriate and sufficient personnel to monitor, and observe its employees/contractors so that it could determine if its employees/contactors were safely and reasonably driving their guests/invitees, such as the plaintiff.

56.   As a direct and proximate result of the defendant's negligent acts and omissions, MARY K. HARRIS was damaged as alleged herein.

57.   As the employer of defendant John Doe, defendant Roe Corporation had a duty to ensure that defendant John Doe drove the shuttle van in a manner that was reasonably safe for individuals utilizing the shuttle service described herein, and did not contain unreasonable and foreseeable risks of harm and unsafe conditions including those alleged herein.

58.   Prior to the time of the incident and activities complained of herein that forms the basis for this lawsuit, the defendant knew, or, in the exercise of

Exhibit "A"

MARY K. HARRIS v. MARRIOTT OWNERSHIP RESORTS (ST. THOMAS,( INC. ET AL., CIVIL NO.:
COMPLAINT
Page 15

reasonable care, should have known that the circular driveway where the plaintiff was a passenger in a vehicle being driven by defendant John Doe constituted a danger and hazard to persons such as plaintiff.

59.   Prior to the time of the incident and activities complained of herein that forms the basis for this lawsuit, the defendant knew, or, in the exercise of reasonable care, should have known that defendant John Doe sometimes operated his shuttle van in a reckless and careless manner, when he was driving passengers who were guests/invitees such as plaintiff, such that defendant John Doe constituted a danger and hazard to persons such as plaintiff.

60.   Defendant breached its duty of care to plaintiff by failing to transport plaintiff in a safe, secure and reasonable manner free from unreasonable risks of harm.

61.   As a direct and proximate result of defendant's breach of duty, plaintiff has been damaged as alleged herein.

62.   Defendant is on notice of, and should have been on notice of, the substantial deferred maintenance on the subject property, as well as the prior reckless and careless manner in which defendant John Doe operated the shuttle van.

63.   Other incidents resulting in injury have occurred on the premises as a result of the poor design of the circular driveway, substantially deferred maintenance, and unsafe and reckless driving of the shuttle van around

Exhibit "A"

Case: 3:18-cv-00039-CVG-RM   Document #: 13-1   Filed: 08/06/18   Page 23 of 26

Case: 3:18-cv-00039-CVG-RM   Document #: 2-1   Filed: 07/06/18   Page 16 of 16
MARY K. HARRIS v. MARRIOTT OWN...SHIP RESORTS (ST. THOMAS,( INC.  ET AL., CIVIL NO.:
COMPLAINT
Page 16

the circular driveway described above, and Defendant has actual and/or constructive notice of the same.

**WHEREFORE**, Plaintiff demands judgment against Defendants jointly and severally as follows:

A.    In favor of Plaintiff for compensatory damages and special damages, in an amount to be proven at trial;

B.    Costs, including reasonable attorneys' fees;

C.    Pre-judgment interest and post judgment interest and

D.    Such other and further relief as to this Court seems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

RESPECTFULLY SUBMITTED,

**LAW OFFICE OF JULIE GERMAN EVERT**

Dated: September 5, 2017 .

Julie German Evert, Esq.
5143 Palm Passage Ste 10A
St. Thomas, VI 00802
VI Bar #370
Telephone:    (340) 774-2830
Facsimile:    (340) 774-2803
Attorney for Plaintiff

**Exhibit "A"**

67

# SUMMONS

## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN
*******

MARY K. HARRIS

   -v-     Plaintiff,

MARRIOTT OWNERSHIP RESORTS (ST. THOMAS), INC.
d/b/a/ FRENCHMAN'S COVE RESORTS and/or dba
MARRIOTT VACATION CLUB

         Defendants.

)
)
)
)
) Civil No.:ST-2017-CV- **394**
)
) ACTION FOR DAMAGES
)
) JURY TRIAL DEMANDED
)

**TO:** MARRIOTT OWNERSHIP RESORTS (ST. THOMAS), INC
d/b/a/ FRENCHMAN'S COVE RESORTS and/or dba
MARRIOTT VACATION CLUB
Resident Agent: The Prentice Hall Corporation System Inc.
Suite 208, Citibank Building
Veterans Dr.
St. Thomas, VI 00802

Within the time limited by law (see note below) you are hereby required to appear before this Court and answer to a complaint filed against you in this action. In case of your failure to appear or answer, judgment by default will be taken against you as demanded in the complaint for damages.

Witness my hand and the seal of this Court this _2nd_ day of _January_, 2018.



le German Evert, Esq.
V OFFICE OF JULIE GERMAN EVERT
: Palm Passage Ste 10A
homas, VI 00802
'one: 340-774-2830
by for Plaintiff

Estrella H. George
Clerk of the Court

By:
Deputy Clerk

**Exhibit "B"**

68

**NOTE:** The defendant, if served personally, is required to file his/her answer or other defense with the Clerk of the Court, and to serve a copy thereof upon the plaintiff's attorney within twenty (20) days after service of this summons, excluding the date of service. If served by publication or by personal service outside of the jurisdiction the defendant is require to file his/her answer or other defense with the Clerk of this Court, and to serve a copy thereof upon the attorney for the plaintiff within thirty (30) days after the completion of the period of publication or personal service outside of the jurisdiction.

*Exhibit "B"*

69

## RETURN OF SERVICE

**I HEREBY CERTIFY** that I received this Summons on the _11th_ day of _January_, 2018, and that thereafter, on the _12th_ day of _January_, 2018 I did serve the same on the within named, _Linda Quetel_ by showing them the original and by then delivering to him a true copy of the attached thereof.

_____
Marshall

_____ —Process-Server
Deputy

## RETURN OF SERVICE

**I HEREBY CERTIFY** that I received this Summons on the _____ day of _____, 2017, and that after making a careful, diligent search the defendant cannot be found in this jurisdiction.

_____
Marshall

_____
Deputy

Exhibit "B"

70

IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

MARY K. HARRIS,

  Petitioner,

  v.

MARRIOTT OWNERSHIP
RESORTS (ST. THOMAS), INC.
d/b/a FRENCHMAN'S COVE
RESORTS and/or d/b/a
MARRIOTT VACATION CLUB,
JOHN DOE AND ROE
CORPORATION

  Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL NO. ST-17-CV-394

ACTION FOR DAMAGES
JURY TRIAL DEMANDED

## DEFENDANT, MARRIOTT OWNERSHIP RESORTS (ST. THOMAS), INC.'S. ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Marriott Ownership Resorts (St. Thomas), Inc. ("MORI"), by and through undersigned counsel hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint and states:

1. Admitted that jurisdiction is proper. Denied as to the remaining portions of Paragraph 1.

2. Without knowledge, therefore denied.

3. Denied.

4. Admitted that MORI is a Virgin Islands Corporation that operates the property on which the alleged incident occurred. All other allegations in Paragraph 4 are denied.

5. Denied as phrased.



6. Denied as phrased.

CIVIL NO. ST-17-CV-394

7. The allegations alleged in Paragraph 7 are not directed at this Defendant. To the extent any allegations in Paragraph 7 are directed to MORI, those allegations are denied.

8. The allegations alleged in Paragraph 8 are not directed at this Defendant. To the extent any allegations in Paragraph 8 are directed to MORI, those allegations are denied.

9. Denied as phrased.

10. The allegations alleged in Paragraph 10 are not directed at this Defendant. To the extent any allegations in Paragraph 10 are directed to MORI, those allegations are denied.

11. The allegations alleged in Paragraph 11 are not directed at this Defendant. To the extent any allegations in Paragraph 11 are directed to MORI, those allegations are denied.

12. Denied.

13. The allegations alleged in Paragraph 13 are not directed at this Defendant. To the extent any allegations in Paragraph 13 are directed to MORI, those allegations are denied.

14. Denied.

15. Denied as phrased.

16. Denied.

17. Denied.

2

Composite Exhibit "D"



CIVIL NO. ST-17-CV-394

18.   Denied.

## COUNT I
## NEGLIGENCE OF DEFENDANT FRENCHMAN'S COVE

19.   MORI restates and reasserts each and every answer to Plaintiff's Complaint for Paragraphs 1 - 18 as if fully stated herein.

20.   Denied as phrased.

21.   Denied as phrased.

22.   The allegations in paragraph 22(a)(l) are denied.

23.   Denied as phrased.

24.   Denied as phrased.

25.   Denied.

26.   Denied.

27.   Denied.

28.   Denied.

29.   Denied.

80.   Denied as phrased.

81.   Denied as phrased.

82.   Denied.

33.   Denied.

84.   Denied.

85.   Denied.

86.   Denied.

87.   Denied as phrased.

3

HAMILTON, MILLER & BIRTHISEL, VI P.C.
A U.S. VIRGIN ISLANDS PROFESSIONAL CORPORATION
MAILING ADDRESS: 150 SOUTHEAST SECOND AVENUE, SUITE 1200, MIAMI, FLORIDA 33131 • 305-379-3686 • FAX 305-379-3690

Composite Exhibit "D"

CIVIL NO. ST-17-CV-394

## COUNT II
## NEGLIGENCE OF JOHN DOE

38.     MORI restates and reasserts each and every answer to Plaintiff's Complaint for Paragraphs 1 - 33 as if fully stated herein.

39.     The allegations alleged in Paragraph 39 are not directed at this Defendant. To the extent any allegations in Paragraph 39 are directed to MORI, those allegations are denied.

40.     The allegations alleged in Paragraph 40 are not directed at this Defendant. To the extent any allegations in Paragraph 40 are directed to MORI, those allegations are denied.

41.     The allegations alleged in Paragraph 41 are not directed at this Defendant. To the extent any allegations in Paragraph 41 are directed to MORI, those allegations are denied.

42.     The allegations alleged in Paragraph 42 are not directed at this Defendant. To the extent any allegations in Paragraph 42 are directed to MORI, those allegations are denied.

43.     The allegations alleged in Paragraph 43 are not directed at this Defendant. To the extent any allegations in Paragraph 43 are directed to MORI, those allegations are denied.

44.     The allegations alleged in Paragraph 44 are not directed at this Defendant. To the extent any allegations in Paragraph 44 are directed to MORI, those allegations are denied.

4

HAMILTON, MILLER & BIRTHISEL, VI P.C.
A U.S. VIRGIN ISLANDS PROFESSIONAL CORPORATION
MAILING ADDRESS; 150 SOUTHEAST SECOND AVENUE, SUITE 1200, MIAMI, FLORIDA 33131 • 305-379-3686 • FAX 305-379-3690

Composite Exhibit "D"
74

CIVIL NO. ST-17-CV-394

45.   The allegations alleged in Paragraph 45 are not directed at this Defendant. To the extent any allegations in Paragraph 45 are directed to MORI, those allegations are denied.

46.   The allegations alleged in Paragraph 46 are not directed at this Defendant. To the extent any allegations in Paragraph 46 are directed to MORI, those allegations are denied.

47.   The allegations alleged in Paragraph 47 a-c are not directed at this Defendant. To the extent any allegations in Paragraph 47 a-c are directed to MORI, those allegations are denied.

48.   The allegations alleged in Paragraph 48 are not directed at this Defendant. To the extent any allegations in Paragraph 48 are directed to MORI, those allegations are denied.

## COUNT III
## NEGLIGENCE OF ROE CORPORATION

49.   MORI restates and reasserts each and every answer to Plaintiffs Complaint for Paragraphs 1 - 44 as if fully stated herein.

50.   The allegations alleged in Paragraph 50 are not directed at this Defendant. To the extent any allegations in Paragraph 50 are directed to MORI, those allegations are denied.

51.   The allegations alleged in Paragraph 51 are not directed at this Defendant. To the extent any allegations in Paragraph 51 are directed to MORI, those allegations are denied.

5

Composite Exhibit "D"



CIVIL NO. ST-17-CV-394

52.   The allegations alleged in Paragraph 52 are not directed at this Defendant. To the extent any allegations in Paragraph 52 are directed to MORI, those allegations are denied.

53.   The allegations alleged in Paragraph 53 a-g (including incorrectly numbered (b)) are not directed at this Defendant. To the extent any allegations in Paragraph 53 a-g (including incorrectly numbered (b)) are directed to MORI, those allegations are denied.

54.   The allegations alleged in Paragraph 54 are not directed at this Defendant. To the extent any allegations in Paragraph 54 are directed to MORI, those allegations are denied.

55.   The allegations alleged in Paragraph 55 are not directed at this Defendant. To the extent any allegations in Paragraph 55 are directed to MORI, those allegations are denied.

56.   The allegations alleged in Paragraph 56 are not directed at this Defendant. To the extent any allegations in Paragraph 56 are directed to MORI, those allegations are denied.

57.   The allegations alleged in Paragraph 57 are not directed at this Defendant. To the extent any allegations in Paragraph 57 are directed to MORI, those allegations are denied.

58.   The allegations alleged in Paragraph 58 are not directed at this Defendant. To the extent any allegations in Paragraph 58 are directed to MORI, those allegations are denied.

6

HAMILTON, MILLER & BIRTHISEL, VI P.C.
A U.S. VIRGIN ISLANDS PROFESSIONAL CORPORATION
ILING ADDRESS: 150 SOUTHEAST SECOND AVENUE, SUITE 1200, MIAMI, FLORIDA 33131 • 305-379-3686 • FAX 305-379-3690



59.   The allegations alleged in Paragraph 59 are not directed at this Defendant. To the extent any allegations in Paragraph 59 are directed to MORI, those allegations are denied.

CIVIL NO. ST-17-CV-394

60.   The allegations alleged in Paragraph 60 are not directed at this Defendant. To the extent any allegations in Paragraph 60 are directed to MORI, those allegations are denied.

61.   The allegations alleged in Paragraph 61 are not directed at this Defendant. To the extent any allegations in Paragraph 61 are directed to MORI, those allegations are denied.

62.   The allegations alleged in Paragraph 62 are not directed at this Defendant. To the extent any allegations in Paragraph 62 are directed to MORI, those allegations are denied.

63.   The allegations alleged in Paragraph 63 are not directed at this Defendant. To the extent any allegations in Paragraph 63 are directed to MORI, those allegations are denied.

As to Plaintiffs' unnumbered WHEREFORE clause and Plaintiffs' demand for jury trial, the Defendant specifically denies the same.

WHEREFORE, Defendant, MORI, demands judgment in its favor with costs assessed against Plaintiffs, and demands a trial by jury on all issues so triable as a matter of right.

7

HAMILTON, MILLER & BIRTHISEL, VI P.C.
A U.S. VIRGIN ISLANDS PROFESSIONAL CORPORATION
MAILING ADDRESS: 150 SOUTHEAST SECOND AVENUE, SUITE 1200, MIAMI, FLORIDA 33131 • 305-379-3686 • FAX 305-379-3690

Composite Exhibit "D"



CIVIL NO. ST-17-CV-394

# AFFIRMATIVE DEFENSES

## First Affirmative Defense

As its First Affirmative Defense, MORI alleges that the Complaint fails to state a cause of action for Negligence upon which relief can be granted.

## Second Affirmative Defense

As its Second Affirmative Defense, MORI alleges that there is no cause of action as MORI had no actual or constructive notice of any alleged dangerous condition which allegedly caused or contributed to Plaintiff's injuries.

## Third Affirmative Defense

As its Third Affirmative Defense, MORI alleges that Plaintiff's claim for Negligence is time barred by the applicable statute of limitations, and/or the equitable doctrine of laches.

## Fourth Affirmative Defense

As its Fourth Affirmative Defense, MORI did not breach any legal duty or standard of care owed to the Plaintiff nor was any act and/or omission on its part the proximate cause of any damages alleged in the Complaint.

## Fifth Affirmative Defense

As its Fifth Affirmative Defense, MORI alleges that any alleged dangerous or defective condition of which Plaintiff complains was open and obvious and/or known or should have been known by Plaintiff and as such MORI had no duty to warn.

8

**HAMILTON, MILLER & BIRTHISEL, VI P.C.**
A U.S. VIRGIN ISLANDS PROFESSIONAL CORPORATION
NYC ADDRESS: 150 SOUTHEAST SECOND AVENUE, SUITE 1200, MIAMI, FLORIDA 33131 • 305-379-3686 • FAX 305-379-3690

Composite Exhibit "D"

CIVIL NO. ST-17-CV-394

## Sixth Affirmative Defense

As its Sixth Affirmative Defense, MORI alleges that the liability of non-party tortfeasors should be considered by this Court and the percentage of fault attributed to such non-party tortfeasors be considered when apportioning damages.

## Seventh Affirmative Defense

As its Seventh Affirmative Defense, MORI reserves the right to amend in order to identify such parties or non-parties to be included on the verdict form.

## Eighth Affirmative Defense

As its Eighth Affirmative Defense, MORI alleges that Plaintiff's damages were caused either in whole or in part by Plaintiff, Mary K. Harris' own acts of negligence, including but not limited to the failure to exercise reasonable care for her own safety including failure to properly secure herself to the vehicle and wear a seatbelt, and an award, if any, should be reduced accordingly by the principles of comparative fault. Further, any liability should be reduced by the principles of contributory negligence according to 5 V.I.C. §1451 et. seq. as Plaintiffs are more than 51% at fault for the alleged incident.

## Ninth Affirmative Defense

As its Ninth Affirmative Defense, MORI alleges that Plaintiff's damages were caused either in whole or in part by the act(s) of third persons for whom MORI is not responsible and that amount to a superseding cause that cuts off any causal connection between MORI 's alleged negligence and Plaintiff's damages.

9

HAMILTON, MILLER & BIRTHISEL, VI P.C.
A U.S. VIRGIN ISLANDS PROFESSIONAL CORPORATION
MAILING ADDRESS: 150 SOUTHEAST SECOND AVENUE, SUITE 1200, MIAMI, FLORIDA 33131 • 305-379-3686 • FAX 305-379-3690

Composite Exhibit "D"
79



**Joel H. Holt**
**Esq. P.C.**

2132 Company Street, Suite 2
Christiansted, St. Croix
U.S. Virgin Islands 00820
Tel. (340) 773-8709 / Fax (340) 773-8677
Website: joelholt.com

Joel H. Holt, Esq.
*Licensed in USVI, DC, VA (inactive)*
joelholtpc@gmail.com

Robin P. Seila, Esq.
*Licensed in USVI, MA*
robin.joelholtpc@gmail.com

December 10, 2018



U.S. Court of Appeals
Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

**Re:** **New Case Opening: Petition for Writ of Mandamus**
**Virgin Islands District Case No.: 3:18-CV-039; Harris v. Marriott Ownership**
**Resorts (St. Thomas), Inc., *et. al.***

Dear Ms. Dodszuweit:

Please find enclosed the filing fee of $500, Petition for Writ of Mandamus, and Appendix I for the Virgin Islands District Court Case No.: 3:18-CV-039; Harris v. Marriott Ownership Resorts (St. Thomas), Inc., *et. al.* Please let us know if there is anything else you need. Thank you.

Cordially,

Robin Seila, Esq.
RS/jf
Enclosure

PRESS FIRMLY TO SEAL

FROM: Joel Holt PC,
2132 Company St
Christiansted VI 00820-

TO: US Court of Appeals
Third Circuit
21400 U.S. Courthouse
601 Market St.
Philadelphia PA 19106

# PRIORITY®
# MAIL★

**DATE OF DELIVERY SPECIFIED\***

**USPS TRACKING™ INCLUDED\***

**INSURANCE INCLUDED\***

**PICKUP AVAILABLE**

**\* Domestic only**

USED INTERNATIONALLY,
USTOMS DECLARATION
IEL MAY BE REQUIRED.

VISIT US A   S.COM®
ORDER FREE SUP   S ONLINE.

EP14F July 2013
OD: 12.5 x 9.5



0001000014



UNITED STATE
POSTAL SERV